GILES, Adm'r. of BACON, *vs.* PERRYMAN.—June, 1827.

Where a declaration sets forth a claim or demand of the plaintiff against the intestate of the defendant, and the intestate's promise to pay it, a reference of such demand, by his administrator, (the defendant,) and the plaintiff, to arbitrators—an award, in pursuance of such reference, for a specific sum in favour of the latter—a promise by the defendant, as administrator, to pay it, and charges a breach in the nonpayment of that sum, it contains matter enough to warrant a judgment against the defendant in his character of administrator. The plaintiff is under no necessity to aver assets in the hands of the defendant, as administrator, sufficient to pay his debt.

This peculiar mode of declaring originated in a plan to save the Statute of Limitations, and proceeds upon the ground, that it neither pledges the personal responsibility of the administrator after verdict, nor deprives him of any defence he could have had, if he had been charged with an *assumpsit* by his intestate; and with these qualifications, it will be received and adopted.

An administrator who relies on the general issue plea, after verdict and judgment thereon, has admitted assets to pay the amount claimed of him. By the statutes of 21 *Jac.* I, *ch.* 13; 5 *Geo.* I, *ch.* 13, and the act of assembly of 1809, *ch.* 153, a variance between the writ and declaration is cured after verdict.

No form of words is necessary to be used in an averment that a defendant is administrator; if enough is said to amount to an allegation, that the defendant administered on the estate of the deceased, it will suffice.

A declaration vicious on account of an averment obscurely made, is not such a fatal objection as will reverse a judgment.

APPEAL from *Baltimore* County Court. Action of *assumpsit.* The writ was against the defendant (now appellant,) in his own right. The declaration contained two counts. The *first* count stated, that "a certain *James Bacon*, late of *Baltimore* county, deceased, on whose estate the defendant hath administered, some time before his death, cut down, destroyed, and took away, a large quantity of timber from off the land of the plaintiff, for which the said *James* never paid or satisfied

the plaintiff, although often requested so to do, to wit, at the county aforesaid; but always promised and engaged to and with the plaintiff, that he would pay and satisfy him for the same timber. And whereas, after the death of the said *James,* and the administration on his estate, so as aforesaid taken out by the defendant, he the plaintiff and defendant agreed to leave the valuation of said timber to a certain *Abraham Jarrett* and *Walter T. Hall,* of *Harford* county aforesaid, he the defendant, agreeing to pay to the plaintiff whatever sum the said two persons might determine and award the said timber to be worth. And the said *Jarrett* and *Hall,* in pursuance of said agreement between the plaintiff and defendant, afterwards, to wit, on the 30th day of July in the year 1818, at *Harford* county aforesaid; that is to say, at *Baltimore* county aforesaid, did award and determine that said timber, so as aforesaid cut down and destroyed, and taken away by said *James,* was worth the sum of $197, and made out a written award to that effect; of which the plaintiff and defendant afterwards, to wit, on the day and year last aforesaid, at *Baltimore* county aforesaid, had notice. Whereupon the defendant became liable to pay the said sum of $197 to the plaintiff; and being so liable, he the defendant, *as administrator aforesaid,* in consideration thereof, afterwards, to wit, on the same day and year last aforesaid, at *Baltimore* county aforesaid, undertook and faithfully to the plaintiff did promise, that he the defendant, *as administrator* of said *James* as aforesaid, would well and truly content and pay the plaintiff the said sum of $197, when afterwards he should be thereunto requested." The *second* count was upon an *insimul computassent* between the plaintiff, and defendant as administrator aforesaid, of divers sums of money due and owing by the defendant, as such administrator, to the plaintiff, &c. The defendant demurred to the declaration. The county court overruled the demurrer as to the *first* count in the declaration, and sustained it as to the *second* count. The defendant, with the leave of the court, then pleaded *non assumpsit* to the *first* count, and issue was joined. Verdict for the plaintiff, and judgment against the defendant, as administrator of *Bacon, si non, de bonis propriis* as to costs. The defendant appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, MARTIN, STEPHEN, and DORSEY, J.

*Scott* and *Meredith,* for the Appellant.  1.  The declaration does not pursue the writ, and the judgment is against the defendant as administrator.  2.  The declaration does not aver that the defendant administered upon the personal estate of *Bacon,* or that assets came to his hands.  3.  A promise by an executor or administrator to pay the debts of the deceased, is *nudum pactum,* unless assets came to his hands.

The promise from the defendant to the plaintiff is without consideration; and the verdict is, that the defendant did assume, &c.  There was no sufficient promise to justify the allegation in the declaration, nor any finding of the jury sufficient for the judgment.  *Newl. on Cont.* 79.  There was no averment that assets came to the hands of the defendant as administrator, sufficient to enable him to make the promise.  *Mitchinson vs. Hewson,* 7 *T. R.* 346, *(note.)*  It cannot be supplied by intendment that there were assets in the defendant's hands.  The submission to arbitration is not an admission of assets.  *Pearson vs. Henry's, Adm'r.* 5 *T. R.* 6.

*R. Johnson,* for the Appellee.  The propriety of the judgment below is questioned, principally on two grounds.  *First.*  Because the promise declared upon in the *first* count of the declaration is without consideration, and therefore void; and *Secondly.*  Because if it be a valid promise at all, it was only so far valid as to bind the appellant in his capacity of administrator, and that a sufficiency of assets in his hands to meet the debt should have been averred.  Upon the first of these grounds the case of *Rann vs. Hughes,* cited in 7 *T. R.* 346, *(note a,)* and in 1 *Com. Cont.* 49, was solely relied upon.  Adverting to that case, it will be found to have been an action brought against *Hughes,* the defendant, as administrator, and, that the only question decided, or raised at the argument, was whether upon the declaration there was sufficient matter to authorise the judgment which had been rendered in the court below, against the defendant *de bonis propriis?*  There was ample matter in that declaration to have justified a judgment against the defendant *de bonis intestatoris.*  The case turned indeed

wholly on the true construction of the *fourth* clause of the Statute of Frauds, 29 *Car.* II. *ch.* 3, in relation to agreements binding executors or administrators *personally* for the debts of their deceased testators or intestates. That case has no bearing upon the one now before this court. The question here is not, at any rate, whether the *first* count in the declaration contains matter sufficient to justify a judgment against the appellant in his *individual capacity*, but whether there is not matter enough in it to warrant a judgment against him in *his character of administrator*, and of this can there be a doubt? A debt appears by the declaration to have been due by the appellant's intestate. He is charged with having converted to his own use the chattels of the appellee, and to have promised payment for them afterwards, and to have died without making the payment. The appellant, after having administered, and the value of the property thus taken by his intestate, being unascertained, leaves the valuation of it to arbitrators, and agrees, as administrator, to pay what they may award; they make the award stated in the count in question, and the appellant is charged to have promised, *as administrator*, to pay it. If these facts do not bind the administrator, *as in his character of administrator*, and authorise a judgment against him in *that character*, it would be difficult to imagine a case in which such a result could be effected. *Sollers vs. Lawrence, Willes*, 421.

Upon the *second* ground, that assets should have been averred, no authority was cited. The question is raised after a verdict in a case in which *only* the plea of *non assumpsit* was put in. A want of assets was not set up as a defence below. The court will find this point settled in favour of the appellee in 5 *Com. Dig.* tit. *Pleader*, (2 D. 1,) 576, cites 9 *Coke*, 24, (a;) and in *Elting vs. Vanderlyn*, 4 *Johns. Rep.* 237.

It is said also, that there is a variance between the writ and declaration; the one being against the appellant individually, the other as administrator of *Bacon*. The answer to this is two-fold. *First.* That in point of law there is no variance which in any stage could be taken advantage of; and *Secondly.* That if there be such a variance, it cannot be taken advantage of on a general demurrer, or at any rate, after a verdict in fa-

vour of the plaintiff. 1. It is a well settled principle, that a plaintiff, in his declaration, may narrow the demand he makes of the defendant by his writ. 1 *Chitt. Pl.* 253.    2. It is too late to take advantage of it.    *Duvall vs. Craig*, 2 *Wheat.* 45. *Vanderplank vs. Banks*, 2 *Wils.* 85.    *Hole vs. Finch, Ib.* 395, and our act of 1809, *ch.* 153.

The last point is, that the declaration does not aver that the appellant administered upon *Bacon's* estate.    The declaration *expressly* states that *he did administer upon Bacon's estate,* and it calls him *throughout,* such administrator.    This way of declaring will be found amply sufficient under any defence which may be pleaded, and certainly where general defence only is taken.    *Holliday vs. Fletcher,* 2 *Ld. Raym.* 1510. S. C. *Stra.* 781.    *Garland vs. Chattel,* 12 *Johns. Rep.* 430.    *Barnes,* 159, 160.    5 *Com. Dig.* tit. *Pleader,* (2 D. 11,) 586, and *Dean, &c. of Bristol vs. Guyse,* 1 *Saund.* 112, *(note 2.)*

EARLE, J. delivered the opinion of the court. This is an appeal in an action of *assumpsit,* brought by *Perryman,* the appellee, to recover a debt due to him from one *James Bacon,* on whose estate *Giles,* the appellant, administered.    The writ issued against *Giles* in his own right, the declaration counts on a promise made by him as administrator of *Bacon,* and the judgment is against him *de bonis testatoris.* The *second* count in the declaration was, on demurrer, disposed of by the court against the plaintiff; and makes no part of this case.    To the *first* count the general issue was pleaded, and a verdict rendered against *Giles,* as administrator, for the debt of the intestate. He has taken this appeal; and upon his objections to the record, the opinion of the court will now be pronounced.    The principal objections are to the declaration; and is contended that it does not contain matter enough to warrant a judgment against the defendant in his character of administrator; and that it is defective in not averring assets in his hands to pay the debt, wherewith the judgment charges him as administrator.

The declaration sets forth a debt due from *Bacon,* in his lifetime, and his promise to pay it; it sets forth also a reference of this demand between the plaintiff, and the defendant as administrator, to persons named by them, who rendered an award for

$197, due the plaintiff, which sum the defendant, as administra-
tor of *Bacon*, undertook and promised to pay, and it charges a
breach in the nonpayment by the defendant of this sum.   This
peculiar manner of declaring originated in a plan to save the
statute of limitations, is according to the approved precedents
of *Wentworth* and *Chitty*, and has the authority of several
respectable judicial decisions.   *Secar vs. Atkinson*, 1 *H. Blk.
Rep.* 102, is among the earliest of them.   In that case the de-
claration contained four counts.   Three upon promises made by
the intestate, and the fourth stated, that the plaintiff accounted
with the defendant, as administratrix, of and concerning divers
sums of money, &c. owing from the intestate to the plaintiff,
and upon that account the intestate was found in arrear, and in-
debted to the plaintiff, &c. and being so found in arrear and in-
debted, she, as administratrix, in consideration thereof pro-
mised, &c.   Exception was taken to this declaration on the score
of misjoinder in action; and it was urged, that the first counts,
being on the undertaking of the intestate, and the last count on
that of the administratrix herself, the judgment on the former
must be *de bonis testatoris*, and on the latter *de bonis propriis*.
But the court thought otherwise, and distinctly determined that
the defendant was charged in all the counts as administratrix,
and that the judgment on all the counts should be *de bonis tes-
tatoris;* and in deciding *Secar vs. Atkinson*, the case of *Hawes.
vs. Smith*, 1 *Vent.* 268, and 2 *Lev.* 122, was examined by the.
court, and declared irreconcileable with any true principle of
the law.   *Whitaker vs. Whitaker*, 6 *Johns. Rep.* 112, is a
more recent authority, giving sanction to this mode of declaring.
Judge *Spencer*, who delivered the court's opinion, not only ap-
proves of it, but he states that the same defence may be made,
to it, as to a count charging the promise made by the testator.
In this case, as in the case before us, there is but a single count
in the declaration, and it simply states that the testator was in-
debted to the plaintiff for money lent and advanced; and being
so thereof indebted, the defendant, as his executor, after his
death, in consideration thereof, upon himself assumed to pay,
&c.   No promise by the testator is stated; and yet it had the
approbation of that enlightened court, who declared it a valid
declaration, and that the proper judgment thereon was *de bonis*

*testatoris.* These adjudications, it is perceived, go upon the grounds that this mode of declaring neither pledges the personal responsibility of the administrator after verdict, nor deprives him of any defence he could have had, if he had been charged with an *assumpsit* by his intestate; and it is with these qualifications it will be received and adopted by this court. And the debt due from the deceased, being the consideration of the promise by the executor or administrator, it would be advisable at all times to state it clearly and plainly, and to be prepared to support it by competent proof; as it would be strictly to observe to insert the words, "as executor," or "as administrator," after the promise made by the defendant in his representative character.

The decisions referred to upon this first objection, disposes of the second made by the defendant to the plaintiff's declaration.

The plaintiff was under no necessity to aver assets in the hands of the defendant, sufficient to pay his debt as administrator. It was open to the defendant to plead *plene administravit,* or any other plea, going to show a defect of assets, as much as it would have been in an ordinary suit against him upon the promises of his intestate; and if this defence was within his power, and has been pretermitted by him, he is only placed in the situation of many others, who have defended themselves on wrong and mistaken grounds. The general issue plea, he has chosen to use, and by the verdict and judgment thereon, he has admitted assets to pay the debt claimed of him.

On the argument of this cause, other objections were made to the record by the defendant's counsel, upon which we will also offer some short observations. It was said that the variance between the writ and declaration is fatal, and ought to reverse the judgment; and that the omission in the latter to aver, that the defendant administered on *Bacon's* estate, is also a palpable error.

The writ is against the defendant in his own right, and the declaration charges him in his representative character, and there is certainly a seeming variance, if he is in time to take advantage of it. This, then, is the question presented to us,

and it will be answered by a recurrence to the authorities. We have been referred to *Duvall vs. Craig*, 2 *Wheat.* 45, where the Supreme Court of the *United States* say, that a variance between the writ and declaration cannot be taken advantage of on general demurrer, but must be pleaded in the early stages of the case, in abatement. But Serjeant *Williams*, in his excellent notes on *Saunders*, (1 *vol.* 318, *note* 3,) holds a different doctrine. He has brought together all the adjudications on the subject, and has reasoned himself into the belief, that no advantage whatever can, at this day, be had, either of a defective original, or of a variance between it and the declaration. Be this as it may, and it is a point we do not now mean to decide, we are clearly of opinion, that the appellant has lost the opportunity, if he had one, of availing himself of this defect in the proceedings. There is a verdict rendered in this case for the appellee; and by the statutes of amendment and Jeofails, and an act of assembly passed in 1809, *ch.* 153, the defect mentioned is cured. The statutes of 21 *Jac.* I, *ch.* 13, and 5 of *Geo.* I, *ch.* 13, particularly point to a variance between the writ and declaration, and by their provisions, after verdict, the judgment shall not be reversed in any court of record for such variance. The act of 1809, *ch.* 153, is also explicit on this subject.

The further point in this case is readily answered. It is sufficiently averred in the declaration, that the defendant administered on *Bacon's* estate. No form of words is necessary to be used in an averment of this kind. If enough is said to amount to an allegation, that the defendant administered on the estate of the deceased, it will suffice. It is here expressly said that he did so administer; and if the defendant had been so disposed, he might have pleaded *ne unques* administrator, and concluded to the country, which only can be done where the subject matter of the plea is a denial of an affirmative allegation in the declaration. If, however, the declaration could be thought vicious on account of making this averment obscurely, surely it is not such a fatal objection to it as will reverse the judgment. No case, authorising such a conclusion, has been hinted at, and certainly the court have no knowledge of such an authority.

JUDGMENT AFFIRMED.