Frederick C. B. Wilms *vs.* Julian White, by her next
friend, Hezekiah Alsip.

Slander: Pleading: Misrecital and Surplusage: Demurrer: Variance:
Plea in Abatement.—A declaration in slander commenced, "J. W., by her
next friend, H. A., by her attorney, J. D. B., sues F. C. B. W. for:—1st. The
said J. W. is of the age of twenty-one years and a *feme sole*," &c., and then char-
ged the slanderous words. The defendant pleaded not guilty. After verdict
for the plaintiff, the defendant moved to arrest the judgment, and the motion
being overruled sued out a writ of error. The ground of the motion in arrest,
and, also, the error assigned, was that the plaintiff below sued and recovered
judgment "by *prochein ami* when it appears from the record that she was of
full age."—Held:

1st. That the words "by her next friend," in the commencement of the *nar.*, be-
ing followed by the other words, "by J. D. B., her attorney," were obviously
misrecital and mere surplusage, "*utile per inutile* not *vitiatur*," the previous
entries of the record showing she acted by attorney.

2nd. That the commencement of the *nar.* is a mere recital of the writ, and not a
necessary part of the declaration, the Code, Art. 75, declaring that it shall
not be necessary to state any formal commencement or conclusion to any
declaration or other plea.

3rd. No general demurrer will be allowed for a mere informal statement of a
cause of action or defence, "provided such settlement is sufficient in sub-
stance."

4th. That if this was a case of variance between the writ and declaration, it
would be cured by verdict under the old forms of pleading.

5th. In a Court of a general jurisdiction, a defendant, if he wishes to avail him-
self of the plaintiff's incapacity to sue, must do so by plea in abatement.

6th. That the error relied upon in this case relates to the form of the process,
and not to the cause of action, and being in the nature of a dilatory plea is not
favored in law.

Slander: Evidence: Damages,—exemplary and punitive: Damages,—meas-
ure of.—The plaintiff after offering evidence tending to prove the defamatory
words charged in the declaration and circumstances of aggravation, proposed
to prove what were the pecuniary circumstances of the defendant below—that
he was a man of wealth—with a view to exemplary damages, to which the de-
fendant objected as irrelevant and inadmissible.—Held:

1st. That Art. 89 of the Code, under which the action was brought, does not
prescribe the rule of damages, as is done in some statutes, but leaves the same
to be determined by the principles of the common law applicable in other ac-
tions of *tort*.

2nd. That the testimony offered in this case was competent and admissible under
the law as laid down by the most distinguished text writers on the law of evi-
dence and damages.

Wilms *vs.* White.

3rd. That there was nothing in the offer of the plaintiff to show the wealth of the defendant as an element *per se* of damages, and if the evidence was admissible for any purpose in the inquiry before the jury, it would be error to exclude it as irrelevant and inadmissible under the general exception.

4th. That if in cases of personal injuries accompanied by force, which are the subjects of prosecution and punishment by the State, as well as of compensation in damages to the injured, exemplary damages are recoverable, especially should the sacred and inestimable reputation for chasity of *femes sole* be vindicated by the largest allowance of pecuniary remuneration, when falsely and maliciously assailed.

WRIT of Error to the Circuit Court for Frederick county.

This was an action for *slander* instituted by the defendant against the plaintiff in error. The declaration commences in the following words : "Julian White, by her next friend, Hezekiah Alsip, by James D. Bennett, her attorney, sues Frederick C. B. Wilms for :—1st. The said Julian White is of the age of twenty-one years and a *feme sole*, and is a good, true, honest and virtuous citizen of this State, residing in Washington county," &c. The declaration then charges the slanderous words. The defendant pleaded *not guilty.*

*Exception.* At the trial of the cause, the plaintiff to maintain the issues on her part, offered evidence tending to prove the words laid in the declaration, and, also, circumstances of aggravation, and then proposed to ask John Murphy, one of the plaintiff's witnesses, what were the pecuniary circumstances of the defendant, and to prove by said witness, that said defendant was a man of wealth, with a view to exemplary damages ; but the defendant objected to such proposed question and proof of wealth, as irrevelant and inadmissible. But the Court was of opinion and so ruled, that it was competent and allowable to the plaintiff to prove and show to the jury, the amount and extent of the wealth of the defendant, to enhance the damages that might be awarded by the jury, and so allowed said question to be asked of said witness, and the proposed proof to be given to the jury for the purpose aforesaid. To which

said opinion and ruling of the Court, the defendant excepted, and the verdict being for the plaintiff, moved the Court to arrest the judgment.

1st. Because, although alleged and made apparent in the declaration, that the said plaintiff, Julian White, is of the age of twenty-one years, yet she sued and prosecuted the said action by *prochein ami*, and not in her own proper name and right, as an adult *feme sole.*

2nd. Because it appears that the said plaintiff, Julian White, is of the age of twenty-one years, and should not therefore have sued and prosecuted the action by *prochein ami.*

3. Because there exist other defects apparent in the pleadings of the cause; but the Court, ( WEISEL, J.,) overruled the motion. Judgment was thereupon entered for the plaintiff, and the defendant sued out this writ of error.

*Mem.* It appears from the record that judgment was also rendered in favor of "Julian White, by her next friend, Hezekiah Alsip, against the said Frederick C. B. Wilms."

The cause was argued before BOWIE, C. J., and BARTOL and GOLDSBOROUGH, J.

*R. H. Alvey* for the plaintiff in error.

1. The case being brought up on writ of error, the whole record is under consideration of the Court, and if there be any error not cured in the process, pleadings or judgment, the plaintiff in error is entitled to avail himself of it for the reversal of the judgment. *Bank U. S. vs. Smith,* 11 *Wheat.,* 171. 2 *Bac. Abr.,* 187.

2. That it was error to sue and recover judgment by *prochein ami,* when the party was of full age, would appear to be clear. In *Com. Dig., Tit. Pleader,* ( 2 *C.,* 1,) in speaking of actions by infants, it is said : "So he ought to appear to be an infant, for if he sues at full age by

guardian or *prochein ami*, it is error." 2 *Inst.*, 261. *Code, Art.* 89, *sec.* 3.

2. The judgment is certainly erroneous for being rendered in the name of the *prochein ami*, when it appeared from the declaration that the plaintiff was of full age.

3. As to the bill of exception.

The evidence, referred to in this exception, it will be perceived, was offered and admitted without reference to the character of the plaintiff in error, or to his rank and influence in society. It was made a naked element for enhancing the damages, and making them exemplary. It is said that damages are not to be assessed merely according to the defendant's ability to pay, "for whether the payment of the amount due to the plaintiff as compensation for the injury, will or will not be convenient to the defendant, does not at all affect the question as to the extent of the injury done, which is the only question to be determined. The jury are to inquire, not what the defendant can pay, but what the plaintiff ought to receive." 2 *Greenlf. Ev.*, *sec.* 269. This evidence was admitted, not for the purpose of showing the extent of the injury suffered by the plaintiff, but for a purpose over and above that, for the purpose of enhancing and rendering exemplary the damages to be awarded by the jury. It is insisted that it was not admissible.

*A. K. Syester* for the defendant in error.

1st. The matters stated in the *nar.* as constituting the cause of action, are not only properly and formally averred, but they constitute a substantial legal ground of action, whether charged by a *feme sole* above or under the age of twenty-one, and, indeed, are not assailed by the causes in arrest of judgment. The defect, mispleading or omission, is not in the statement of the cause of action, but affects only the mode in which the remedy is pursued, the propriety of the

suit, or the legal ability of the plaintiff to sue. The cause assigned in arrest of judgment was therefore clearly within the reach of a plea of abatement.

Whatever will defeat the present proceeding or individual suit, and at the same time not affect the right of action, should be pleaded in abatement. *Chitty's Pl.*, 446. *Gould's Pl.*, *ch.* 2, *sec.* 32, 33, *pp.* 41 and 42. As in the case of an infant suing by attorney. *Chitty's Pl.*, 448.

Matters that can be reached by abatement, are no ground for arrest of judgment, because by denying the cause of action it is admitted that the mode in which the remedy is pursued is correct, as where a party sued as administrator *durante minoritate*, &c., did not allege that the executor was within the age of seventeen years. *Com. Dig. Pleader, C.* 85, cited at page 672. *Chitty's Pl. Gould's Pl.*, *ch.* 5, *sec.* 79, *page* 260, citing 6 *Term*, 766. 2 *H. Bl.*, 267, 299. 1 *Salk.*, 2.

2nd. If the above position is not correct, then the mispleading, defect or omission, not being in the statement of the cause of action, but in a collateral part of the pleading relating only to the plaintiff's right to sue by her next friend, is covered by the Statutes of Jeofails. *Chitty's Pl.*, 683. *Petersdorf Abr.*, 668, note.

3rd. Wherever it may be presumed that anything must of necessity have been given in evidence, the want of mentioning it in the record will not vitiate it after verdict. *Ragan vs. Gaither*, 11 *G. & J.*, 487. *Frederick vs. Lookup*, 4 *Burr.*, 1018. *Bank of Metropolis vs. Merrick*, 8 *Gill*, 74, 75. *Chitty's Pl.*, 673. *Code, Art.* 89, *sec.* 3.

A general verdict cures defective statements connected with the cause or substance of the action, ( *a fortiori* will it cure such an omission as this,) and a motion in arrest of judgment will prevail only where no cause of action is stated. *Gould on Plead.*, *ch.* 10, *secs.* 8, 11, 12, 13, *pages*

494, 497. *Rushton vs. Aspinwall*, 2 *Doug.*, 683. 3 *Bla. Com.*, 393, 394, 395.

As to the exception, the evidence was admissible ; in such cases there is no legal standard of damages. Damages are allowed, not only to compensate the plaintiff, but to punish the defendant. ( *Gaither vs. Blowers*, 11 *Md. Rep.*, 553, and authorities collected at pages 666 and 677. *Sedgwick on Meas. of Dam.*, *Appendix.*) Therefore, a knowledge of the situation of the plaintiff, and the pecuniary condition of the defendant, are subjects for consideration in connection with compensation on the one hand and punishment on the other. 14 *Serg. & Rawle*, 359. 5 *Mass.*, 584.

Bowie, C. J., delivered the opinion of this Court.

Two questions are presented by the record in this case :

1st. The sufficiency of the declaration in law.

2nd. The admissibility of certain evidence offered by the plaintiff below, and excepted to by the defendant.

After verdict, the defendant moved in arrest of judgment, which motion being overruled and judgment entered for the plaintiff below, the defendant, Wilms, sued out a writ of error.

The error assigned is that the plaintiff below sued and recovered judgment by her *"prochein ami*, when it appears from the record she was of full age."

The writ was issued on the 11th of September, 1863, at the suit of Julian White, by her next friend, Jacob White, returnable on the 23rd of November, 1863, when it was returned "summoned."

The defendant appeared and laid the plaintiff under rule *nar*.

On the 29th of January, 1864, the plaintiff declared in the name of Julian White, "by her next friend, Jacob White, by James D. Bennett her attorney."

In this *nar.* it is averred, "the said Julian White is of the age of twenty years and a *feme sole.*"

At March term, 1864, it appears from the record that "Julian White, by her said attorney," prayed leave of the Court to amend the writ of summons and it was granted, and thereupon on the 8th day of March, 1864, the said plaintiff, by her attorney aforesaid, declared anew against the defendant, which declaration commences, "Julian White, by her next friend, Hezekiah Alsip, by James D. Bennett, her attorney, sues Frederick C. B. Wilms, for—

"1st. The said Julian White is of the age of twenty-one years and a *feme sole,*" etc.

It thus appears, that the amended declaration to which the defendant was ruled to plead last, was a *nar.* filed after the plaintiff became of full age, and after she had appeared by attorney, and prayed leave to amend the writ of summons.

The words, "by her next friend," in the commencement of the amended *nar.* being followed by the other words, "by James D. Bennett, her attorney," were obviously misrecital and mere surplusage, "*utile per inutile non vitiatur,*" the previous entries of the record showing she acted by attorney. This commencement of the *nar.* is mere recital of the writ and not a necessary part of the declaration. The Code, Art. 75, declares it shall not be necessary to state any formal commencement or conclusion to any declaration or other plea.

No general demurrer shall be allowed for a mere informal statement of a cause of action or defence, "*provided* such statement is sufficient in substance."

If this was a case of variance between the writ and declaration, it would be cured by verdict under the old forms of pleading. *Giles vs. Perryman,* 1 *H. & G.,* 171. 1809, *ch.* 153, *sec.* 2. And *Raborg vs. Bank of Col.,* 1 *H. & G.,* 234, 238.

In a Court of general jurisdiction, a defendant, if he wishes to avail himself of the plaintiff's incapacity to sue, must do so by plea in abatement. *Shivers vs. Wilson*, 5 *H. & J.*, 132.

In the case of *Graham vs. Fahnestock*, the defendant pleaded in bar, without verification under oath, that at the time of the commencement of the action, "the plaintiff who declared by attorney, and not by guardian or next friend, was an infant," the plaintiff moved that the plea be rejected, which was done. Upon appeal this Court held the plea was properly rejected, the subject of the plea was matter in abatement, and not in bar, and it was not verified by affidavit, without which, it could not have been received.

The error relied upon here, is not that, *being in fact an infant*, she sued by attorney, but being in fact an adult, the plaintiff sued by *"prochein ami."* It is an objection to the form of the process, and not to the cause of action, and being in the nature of a dilatory plea, is not favored in law. If a party may pretermit the opportunity of pleading in abatement, proceed to trial, and failing in his defence on the merits, after verdict, raise objections of form, rather than substance, irreparable injury might be inflicted. Such is not the principle of pleading at the present day.

The plaintiff below, after offering evidence tending to prove the defamatory words charged in the declaration, and circumstances of aggravation, proposed to prove what were the pecuniary circumstances of the defendant below, that he was a man of wealth, with a view to exemplary damages, to which the defendant below objected as irrelevant and inadmissible testimony, and his objection being overruled, prayed leave to except.

The ground of this exception is, if we correctly apprehend the argument of the counsel for the plaintiff in error, that damages in the action of slander are merely compen-

satory and not punitive, and it was therefore immaterial in estimating them, whether the defendant was poor or rich.

It would open a wide field of speculation to enter into the question "*de novo*," and decide upon abstract principles what circumstances constitute the elements of injury.

This action is founded upon an Article of the Code, (89, Public General Laws,) making "all words spoken maliciously, touching the character or reputation for chastity of a *feme sole,* and tending to the injury thereof," slander, and providing that "any *feme sole*" may sustain an action of slander against any person defaming or traducing her. The rule or measure of damages is not prescribed, as in some statutes, but is left to be determined by the principles of the common law in other actions of *tort.*

Distinguished text writers on the *Law of Evidence* and damages, are at issue as to the principle on which adjudged cases have been determined. Perhaps they are irreconcilable.

Mr. GREENLEAF, in his law of evidence, says: "Nor are damages to be assessed merely according to the defendant's ability to pay, for whether the payment of the amount due to the plaintiff as compensation for the injury, will or will not be convenient to the defendant, does not at all affect the question as to the extent of the injury done, which is the only question to be determined. The jury are to enquire not what the defendant can pay, but what the plaintiff ought to receive. But so far as the defendant's *rank* and *influence* in society, and *therefore* the *extent of the injury, are increased* by his wealth, evidence of the fact is pertinent to the issue. 2 *Greenleaf Evidence, Tit. Damages sec.* 269.

SEDGEWICK insists, "whenever the elements of fraud, malice, gross negligence or oppression mingle in the controversy, the law, instead of adhering to the system or

even language of compensation, adopts a wholly different rule, it gives damages not only to recompense the sufferer, but to punish the offender." *Vide Sedgwick on Dams.*, 666, and authorities there cited. The testimony offered in this case was competent under either theory.

The rank and influence of the defendant in society may, in this case, have depended on his wealth. There was nothing in the offer of the plaintiff below, to show that the wealth of the defendant was an element *"per se"* of damages, and if the evidence was admissible for any purpose, in the inquiry before the jury, it would have been error to exclude it as irrelevant and inadmissible under the general exception.

This Court, in the case of *Gaither vs. Blowers*, 11 *Md. Rep.*, 553, which was an action for assault and battery of an aggravated character, inquiring into the admissibility of evidence as to the plaintiff's circumstances, with a view of increasing the damages, refer with approbation to 2 *Greenleaf*, sec. 89, where it is said: "Nor are the jury confined to the mere corporal injury which the plaintiff has sustained, but they are at liberty to consider the malice of the defendant, the insulting character of his conduct, the rank in life of the several parties, and all the circumstances of the outrage, and thereupon to award such exemplary damages as the circumstances may, in their judgment, require." Exemplary damages are here recognized as a right of the plaintiffs without regard to the question whether they are allowed as compensation or punishment. In the same case, this Court adopts the language of the Court in *McNamara vs. King*, 2 *Gilman*, 436, as follows: "It is proper that the jury should be influenced by the pecuniary resources of the defendant. The more affluent, the more able he is to remunerate the party he has wantonly injured. In this class of cases, the jury may give exemplary damages, not only to compensate the plaintiff,

but to punish the defendant. This, like the principal case, was one of assault and battery. But in the case of *McAlmont vs. McClellan*, 14 *Serg. & Rawle*, 359, in an action of slander, the Supreme Court of Pennsylvania declared: "Damages are given by way of example. That which would be exemplary as to one, would not make another feel; would be no terror to him."

Personal injuries accompanied by force, are subjects of prosecution and punishment by the State, as well as of compensation in damages to the injured, but verbal slander is not subject to public punishment. If the former, therefore, should be prevented or redressed by exemplary damages, defamation of character, especially the sacred and inestimable reputation for chastity of *femes sole*, should be vindicated by the largest allowance of pecuniary remuneration when falsely and maliciously assailed. There being no error in the action of the Court, the judgment will be affirmed.

*Judgment affirmed.*