Alvey, J.,
delivered the opinion of the court.
We think the pleas interposed to the bills in these cases, allege sufficient matter to bar the relief sought to be obtained.
*The Bank of Commerce filed its bill on the £2th of June, 1862, after the rendition of the two judgments, the one of $50,000, and the other of $75.000, in favor of Lanahan, and before Richard France conveyed the equity of redemption in the property now sought to be relieved of the incumbrance of these judgments. Richard France, the judgment debtor, and party under whom the complainant claims and holds his title, was a party defendant to the proceedings instituted by the Bank, and was required to-answer and make discovery in reference to these very judgments; and the complainant and defend *210 ants to the present proceedings were also parties to. the suit of the Bank. The decree in that proceeding was entered on the 1st of October, 1862, and a month, thereafter Richard France conveyed his equity of .redemption in his real estate to William C. France, who, on the 19th of January, 1863, conveyed the same to the complainant.
The Bank of Commerce was a judgment creditor of France, and its bill was filed for discovery from the defendants, as to the extent and character of the claims existing against France, and to be relieved, by the application of the estate of the debtor to the payment of his debts, in due order of priority. The judgments now in question were admitted by France to be then due and owing by him, and their validity was asserted, and they were, in all respects, recognized and treated in that proceeding as .valid and subsisting incumbrances on the estate of the debtor. Property was decreed to be sold for the payment of these and other claims, after what was supposed to be a full and satisfactory ascertainment of their legal' and equitable existence and operation,, and the proceeds of sale were distributed to them according to their legal priority. The fullest and most ample opportunity was, therefore, afforded to both France and the complainant, in the present proceeding, to contest these judgments, and to defeat them, if there existed sufficient ground upon which it could have been done. This opportunity, however, was not availed of, and the proceedings were allowed to take place upon the assumption that the judgments *were in all respects valid, and free from the .imputation that is now made against them. After these proceedings, thus founded, we take it to be clear, that, as to parties thereto possessed of infoimation, or who could, by reasonable diligence, have become possessed of information to enable them to make a defense, all anterior equities must be considered foreclosed, for otherwise, there would be no end to contention and litigation.
If relief could be had in the present form of proceeding at all, instead of a bill of review, (a question which we do not now decide,) it could only be had upon the same conditions that a bill- of review or a supplemental bill in the nature of a bill of review, for newly discovered matter would be allowed; and 1 hat is, that the complainant could make it appear that due and reasonable diligence would not have enabled him, or the party *211 under whom he claims, to make the defense to the enforcement of the judgments on the former proceedings, that is now sought to be availed of in the present. The bills in the cases before us make no allegation that by due and proper diligence, the facts now set up to defeat the judgments, could not have been known before, or at the time of the former proceedings had; and, indeed, no such allegation could have been made, for it cannot be pretended that France, under whom the complainant claims, was not fully conversant of all the facts attending the transactions between himself and Lanahan. And, being so, he must be regarded as concluded by the former proceedings; and the complainant can stand in no better or more favorable position, in reference to those proceedings, than France, under whom he claims. For he purchased the equity of redemption after the decree was entered in the proceedings instituted by the Bank, and pending the proceedings thereunder; and no principle is better settled than that a purchaser pendente lite, or after the litigation terminated, is bound by the judgment or decree rendered against the party under whom he derives title. Inloes v. Harvey, 11 Md. 519; 1 Story’s Eq. sec. 406.
*We are of opinion, therefore, that the Judge in the court below, was right in sustaining the pleas of the defendants, and that the cases cited by him, Buchanan v. Lorman, 3 Gill, 80; Hitch v. Fenby, 4 Md. Ch. 190, and 6 Md. 218; McDowell v. Goldsmith, 6 Md. 309; Barrs v. Jackson, 1 Phillips, 582, are altogether conclusive against the appellant.
The orders appealed from, are, therefore, affirmed, in both cases, with costs. Orders affirmed.