(Decided 14th April, 1869.)

GEORGE W. F. VERNON *vs.* LAURA V. TUCKER, by EDWARD F. TUCKER, her next friend.

*Examination of Witnesses—Evidence sustaining and Evidence impeaching the Credibility of witnesses— General reputation for Veracity—Arrest of Judgment.*

Where the character of a witness is impeached by matter brought out on the cross examination, or by evidence *aliunde* as to character, the wit-

---

Vernon *vs.* Tucker.

---

ness may be sustained by evidence of good character; but it must in either case amount to an impeachment of the witness for truth.

A contradiction in the testimony of two witnesses does not necessarily involve the moral character of either, and will not alone authorize the admission of evidence as to their general character for truth.

It is not sufficient for a witness as to character to testify what he has heard others say as to the general reputation; he must be able to state from his own knowledge, what is generally said in the neighborhood, where the person whose character is in question is best known.

The defendant having accepted the pleadings and made his defence by plea to the merits, it is too late, after the verdict, to arrest the judgment on account of matters amendable, and which might have been pleaded in abatement.

APPEAL from the Circuit Court for Frederick County.

This was action of *assault and battery* brought by Laura V. Tucker, an infant, against the appellant.

The defendant having been summoned, and his appearance entered by the Court, under sec. 85, Art. 75, of the Code of Public General Laws, the plaintiff, by her attorney, moved to prosecute said suit by Edward F. Tucker, as her *prochein ami*. Without any order of Court being passed on said motion, the declaration was filed in the name of Laura V. Tucker, by Edward F. Tucker, her next friend.

Pleas were filed to this *nar.*, upon which issue was joined, and the cause tried. A verdict was rendered in favor of the plaintiff, whereupon the defendant filed a motion in arrest of judgment, based upon the fact of the writ having been issued in the name of Laura V. Tucker, and the declaration (to which the subsequent pleadings and the verdict conformed,) being in the name of Laura, as suing by her next friend.

The Court overruled this motion, and this appeal was taken by the defendant from the action of the Court in this respect, and also in regard to certain questions of evidence raised at the trial, and presented by two bills of exceptions, the nature of which is stated in the opinion of this Court.

The cause was argued before STEWART, GRASON, MILLER, ALVEY and ROBINSON, J.

*William P. Maulsby,* for the appellant:

Contradiction among witnesses examined in Court, supplies no ground for admitting general evidence as to character. 1 *Greenleaf's Evidence, sec.* 469; *Russell vs. Coffin,* 8 *Pick.,* 143, 154.

Evidence of general character for truth, is not admissible, until the general character of the witness shall have been first impeached. *Dodd vs. Norris,* 3 *Campbell,* 518; *The People vs. Hulse,* 3 *Hill,* 309, 313; *Starks vs. The People,* 5 *Denio,* 106, 108; *The People vs. Rector,* 19 *Wendell,* 569, 579; *Werty vs. May,* 21 *Penn.,* 274, 279; *The People vs. Gay,* 3 *Selden,* 378; *Hamilton vs. Conyers,* 28 *Georgia,* 276.

The question presented by the second exception, is as to the competency of the evidence offered by Josiah Ramsburg. The plaintiff had been permitted to prove general character for truth, &c. The defendant then produced Ramsburg, and asked whether he knew the general character of the plaintiff, Laura V., for truth, &c., from what people of the neighborhood said of her general character? He answered that, as a general thing, he avoided the subject of his neighbors' characters, and he could not say that he had heard the neighbors *generally* speak of her *general* character, but that he had heard several of the neighbors speak of her character for truth and veracity. The defendant then proposed to prove by him the general character for truth, &c., of said Laura V., from what the several neighbors had said of it, but the Court rejected the proof.

It is manifest that the witness, Ramsburg, was only more careful than witnesses frequently are, to state fully the foundation of his knowledge, before he was willing to state the result. But nevertheless, the foundation was sufficient. It consisted in what *several* of the neighbors had said,—*all* of the neighbors whom he had heard speak on

the subject. On cross-examination, it may have been competent for the plaintiff so to have narrowed the foundation of the witness' proof as to have excluded it for want of sufficient foundation; but, as shewn by the Record, the only question now is, whether the foundation was *prima facie* sufficient? 1 *Greenleaf's Ev.*, sec. 461; *Phillips vs. Kingfield*, 19 *Maine*, 375.

The rule is, that character for truth must be proved as a fact, to go, with other facts and circumstances in evidence, to the jury, to enable it to form an opinion on the credit due to the witness. The fact of the existence of the character, whether universal amongst all the neighbors of the witness, or more or less contracted in its dimensions—whether discussed by all, by many, or by fewer, so only that it be not by two or three merely, but partakes of the nature of general reputation, ought to be given to the jury as a fact *tending* to the point in question, and aiding the jury to arrive at a correct opinion. *Dare vs. The State*, 22 *Alabama*, 23–36; *Hadjo vs. Gooden*, 13 *Alabama*, 718–721; *Martin's Ex'r. vs. Martin*, 25 *Alabama*, 201–211; *Boone vs. Weathered*, 23 *Texas* 675–680, &c.

After verdict for the plaintiff, a motion was made in arrest of judgment, on the ground that the suit was brought by the infant, and the *nar.* was filed by a next friend named therein, and consequently that Laura V., the infant, could not have judgment, because she had not declared, and Edward F. could not have judgment, because there was no writ on which it could be supported.

By 21 Jac. I., Ch. 13, sec. 2, it is provided that judgment shall not be arrested by reason that the plaintiff, being an infant, did appear by attorney.

In this case Laura, the plaintiff, appeared by attorney, and sued out the writ. It may be that if she had conducted her suit by attorney, and no plea in abatement had been pleaded, and recovered verdict, a judgment thereon would have been good. But in the next necessary stage of her action, filing

a *nar.*, she appeared by next friend, and by the *nar.* her infancy was disclosed. An infant must sue by *prochein ami* or guardian. 1 *Tidd's Pr.*, 99; *Evans' Pr.*, 133, *(old ed.)*

*Prochein ami* or guardian must be appointed by the Judge on application or petition. 1 *Tidd's Prac.*, 99, 100; but this before suit brought.

In Maryland practice no appointment by Judge or Court is required. But in any case, the suit must be brought in the name of the next friend; that is, the writ must be so issued; and it is not competent to the Court even to appoint a next friend *after* writ issued. Under our Statute, the writ might perhaps have been amended, by inserting the name of a next friend, but that was not done in this case. After compulsory appearance of the defendant, a motion was made to the Court for the appointment of a next friend to prosecute the suit, and no action appears to have been had on the motion, but the effect would be the same, whether the Court did or did not act on the motion. As the record stands, Laura V. sued out the writ, and Edward F. declared, and a judgment cannot be entered in favor of either the one or the other.

*John Ritchie* and *Frederick J. Nelson,* for the appellee:

In reply to the appellant's first point: While conceding that mere contradictions among witnesses may not be ground for offering evidence as to general character, and as a foundation for doing so, the general character of the witness must first have been impeached; it is submitted, that this impeachment may be effected without directly and professedly assailing it; and that whenever the character or credit of the witness is substantially put in issue, and is in fact the real point of attack, whether avowedly or covertly, general evidence in its support may be offered in reply. *Starkie on Evid.,* *(Sharswood,)* 252; 1 *Greenleaf on Evid.,* 461, 469; *Rex vs. Clark,* 2 *Stark,* 241; *Paine vs. Tilden,* 20 *Verm.,* 554; *Hadjo vs. Gooden,* 13 *Ala.,* 718; *Sweet vs. Sherman,* 21 *Verm.,* 23; *The People, vs. Rector,* 19 *Wendell,* 569.

With the appellant's proposition, qualified as above, most of his authorities are not irreconcilable with those just cited.

The real inquiry is, whether the *credit* itself of the witness has in substance been assailed and brought in issue, and this is to be gathered from the general purport and effect of the course of examination and proof, as developed by the opposite side.

Under the Act of 1864, by which these parties to the suit became competent witnesses, similar conflicts of testimony must frequently arise; and it is presumed our Courts, in view of the embarrassments to the jury, to be expected under the operation of that Act, will relax rather than tighten the rules by which juries may be enabled to secure so important and decisive an aid in determining the weight of evidence, where the parties to the suit are exclusively the witnesses, and are in direct conflict, as a knowledge of the credit to which the character of the parties involved entitles them.

As to the appellant's second exception, it is manifest the witness Ramsburg did not have sufficient knowledge of the general character of the Plaintiff on which to base an opinion as to her credibility. He did not know what her neighbors generally said of her character. 1 *Greenleaf's Evid.*, 461 ; *Wilmot vs. Richardson*, 6 *Duer*, (*N. Y.*,) 328 ; *Kelley vs. Proctor*, 41 *N. Hamp.*, 139 ; *Crabtree vs. Kile*, 21 *Ill.*, 183 ; *Starkie on Evid.*, 237 ; *Curtis vs. Fay*, 37 *Barbour*, 69 , *Cook vs. Hunt*, 24 *Ill.*, 550 ; *Webber vs. Hank*, 4 *Mich.*, 202.

As to the appellant's point, that the suit should have been instituted by the *prochein ami*, and his objections in connection with this point, it is submitted that the plaintiff proceeded correctly. 2 *Archbold's Practice*, 154, 155 ; 1 *Harris' Entries*, 112 ; 1 *Evans' Harris*, 98, 510.

If the appellant's objections were ever of force, he should not have pleaded generally, but should have taken advantage of them by plea in abatement or before verdict. They are now cured. 1 *Chitty's Pleading*, 71, 447, 449 ; 1 *Tidd's Practice*, 99, 100 ; *Chandler vs. Vilett*, 2 *Saunders' Reports*,

117, note 1; *Blood vs. Harrington*, 8 *Pick.*, 552; *Schemerhorn vs. Jenkins*, 7 *Johnson*, 373; *Trask vs. Stone*, 7 *Mass*, 241; *Lang vs. Whidden*, 2 *N. Hamp.*, 435; *Young vs. Young*, 3 *N. Hamp.*, 345; *Giles vs. Perryman*, 1 *H. & G.*, 164.

STEWART, J., delivered the opinion of the Court.

Where the character of the witness is impeached by matter brought out on the cross-examination, or by evidence *aliunde* as to character, the witness may be sustained by evidence of good character; but it must, in either case, amount to an impeachment of the character of the witness for truth.

Contradictory testimony of different witnesses may proceed from want of equal knowledge or observation, not involving the moral character of either; but such conflict does not authorize the admission of evidence as to the general character of the witness for truth. "If this were the practice, great delay and confusion would arise; and as almost all cases are tried upon controverted testimony, each witness must bring his compurgators to support him when he is contradicted, and it would indeed be a trial of witnesses, and not of the action." *Russell vs. Coffin*, 8 *Pickering*, 154. The evidence in the first bill of exceptions, introduced on the part of the appellee to prove the character for truth of the appellee, (who was herself the witness,) which had not been impeached by the appellant in either of the modes indicated above, was inadmissible, and the Court below erred in permitting its introduction. *Dodd vs. Norris*, 3 *Camp.*, 519; 1 *Starkie*, 184. The Court properly refused the testimony proposed by the appellant in the second exception.

The witness had not shown sufficient knowledge on his part of the general character of the witness of the appellee to enable him to testify in reference thereto.

"The enquiry must be made as to the general reputation where witness is best known. It is not enough that the impeaching witness professes merely to state what he has heard *others* say, for these "others" may be but a few persons. He

Vernon *vs.* Tucker.

must be able to state what is *generally said* of the person by those amongst whom he dwells, or with whom he is chiefly conversant, for it is this only that constitutes the general reputation or character." *Greenleaf on Ev., sec.* 461.

The witness must be enabled to state, substantially, as a foundation authorizing him to testify upon the subject, that he is acquainted with the general character of the witness about whom he is called to speak. Information less than this, will not justify the witness in undertaking to give evidence of character. It will be readily perceived, that the testimony proposed on the part of the appellant did not reach this standard.

The appellant having accepted the pleading of the appellee, and made his defence by plea to the merits, it is too late, after the verdict, to arrest the judgment on account of matters amendable, and which might have been pleaded in abatement. If the appellant was likely to suffer from the form of the proceedings of the appellee against him, and had made this objection, at the proper time, by plea in abatement, an amendment might have been made, and the cause proceeded with; but after there was a responsible party for costs, by the introduction of the *prochein ami* of the infant, and the appellant had pleaded to the merits, a trial had been had and a verdict rendered, it would effectually defeat the ends of justice to allow the judgment to be arrested, for any of the reasons assigned in the motion of the appellant. *Giles vs. Perryman,* 1 *H. & G.,* 171; 1 *Chitty's Pleadings,* 449; *Code of Public General Laws, Art.* 75, *secs.* 23, 27.

> *Judgment reversed and*
> *procedendo ordered.*

(Decided 15th April, 1869.)