## LOUIS SHARTZER *vs.* STATE OF MARYLAND.

### *Rape—Evidence.*

On a trial for rape, the *prosecutrix* cannot be asked whether she had previously had connection with a person other than the prisoner ?

Evidence in regard to the general character of the prosecutrix, for *truth and veracity*, or for chastity, is admissible, but not proof of *specific acts*, which tend to show that she is an immoral person.

APPEAL from the Circuit Court for Allegany County.

The appellant was tried and convicted in the Court below, on an indictment for committing rape. The case is further stated in the opinion of this Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, and BRYAN, J.

*William Walsh,* for the appellant.

*Charles B. Roberts, Attorney-General,* for the appellee.

*Benjamin A. Richmond, State's Attorney for Allegany County,* and *John W. Veitch, State's Attorney for Garrett County,* filed a brief on behalf of the appellee.

ROBINSON, J., delivered the opinion of the Court.

The appellant was tried for committing a rape, and the main question on this appeal is whether the *prosecutrix* could be asked, whether she had previously had connection with another person, other than the prisoner ?

The decisions on this question, it must be admitted, have not been uniform either in England, or in this country. Plausible reasons have been assigned, and adjudged

Shartzer *vs.* State.

cases are to be found, both for and against the admissibility of such evidence, and some Courts have gone so far, as to allow the prisoner to prove *specific acts* on the part of the prosecutrix. At the argument I had, I must confess, some difficulty in regard to the matter, but upon further consideration, we are all of opinion, that the objection to the question was properly sustained by the Court.

The accusation, it is true, necessarily involves the question of *consent or no consent* on the part of the prosecutrix, but the mere fact that she may have had connection with another person, does not tend to prove that she gave consent to the prisoner. And this is the real question at issue before the jury. Besides, if the question can be asked as to one person, it may be asked as to another, and thus the whole history of the prosecutrix's life might be gone into, and this too, without notice to her. Instead of the one issue, we should have a number of collateral issues, involving an inquiry into matters, as to which the prosecutrix might be wholly unprepared.

In *Rex vs. Hodgson, Eng. Crown Cases*, 1 *Russ. & Ry.*, 211, the prisoner was tried for committing a rape, and his counsel proposed to ask the prosecutrix, " *whether she had not before had connection with other persons? and whether she had not before had connection with a particular person named?*" The objection to the question was sustained by Mr. Baron Wood, before whom, the case was tried, and the prisoner having been found guilty, the question was reserved for the consideration of the Judges. It was first heard before eight Judges, but MANSFIELD, C. J., MACDONALD, C. B., GROSE, J., and LAWRENCE, J., being then absent, it was postponed for further consideration to the Hilary Term, when all the Judges being present, it was again heard, and they were all of opinion, that the question was inadmissible. Here then is a deliberate decision of the twelve Judges in England.

In the subsequent case, however, of *Regina vs. Robins*, 2 *Moody & Robinson*, 512, the prosecutrix having on cross-

Shartzer *vs.* State.

examination denied that she had had connection with other than the prisoner, COLERIDGE, J., after consulting ERSKINE, J., decided that it was competent for the prisoner to prove the prosecutrix had had connection with the persons named, for the purpose of contradicting her.

In the still later case of *The Queen vs. Holmes & Furness, Law Rep., 1 Crown Cases Res.,* 304, the prosecutrix having on cross-examination denied that she had had connection with one Robert Sharp, the counsel for the prisoner offered to prove by Sharp, that he had had connection with her, but the prosecution objected to the question and the Court refused to admit the evidence. The prisoners were found guilty and the question was reserved for the decision of the Court for Crown Cases Reserved, consisting of KELLY, C. B., BYLES, J., PIGOTT, B., LUSH, J., and HANNEN, J. The prosecutrix had denied having intercourse or connection with Sharp, and the *precise question* before the Court, was whether the defence had the right to prove by Sharp that he had had connection with her? But the Judges in delivering their opinions review all the decisions in regard to the admissibility of evidence on a trial for rape, and expressly affirm the ruling of the twelve Judges in *Rex vs. Hodgson,* and overrule the decision of COLERIDGE, J., in *Reg. vs. Robins.*

In referring to *Rex vs. Hodgson,* KELLY, C. B., says, " That case was heard first before eight of the Judges, and afterwards before the whole number. It was an actual decision that the prosecutrix on a charge of rape was not bound to answer such a question as that here put."

This decision was made in 1871, and the law in regard to the question ought to be considered as settled in England.

In this country, the decisions are somewhat conflicting. In some States, the Courts have held that not only may the prosecutrix be asked in regard to having had previous connection with other persons, but that evidence is admis-

sible for the purpose of proving such intercourse, *as bearing on the question of consent. Titus vs. State,* 7 *Bax., Tenn.,* 132; *People vs. Benson,* 6 *Cal.,* 221; *State vs. Reed,* 39 *Ver.,* 417; *State vs. Johnson,* 28 *Vermont,* 512.

The weight of authorities is however we think against this view. *State vs. Knapp,* 45 *N. H.,* 148; *Comm. vs. Regan,* 105 *Mass.,* 593; *State vs. Turner,* 1 *Houst. C. C.,* (*Del.,*) 76; *Richie vs. State,* 58 *Ind.,* 355; *State vs. Vadnais,* 21 *Minn.,* 382; *McCombs vs. State,* 8 *Ohio St. Rep.,* 642; *Pleasant vs. State,* 15 *Ark.,* 624.

After a full examination of all the cases, and the principles on which they are based, we are of opinion that the prosecutrix could not be asked the question whether she had previously had connection with another person?

The objection to the evidence offered in the second bill of exception was also properly sustained. The State proved by Doctor Keller that on the day after the alleged offence he examined the prosecutrix, a girl not quite thirteen years of age, and found the hymen ruptured and her private parts slightly swollen and inflamed and sensitive to the touch, and further said, that in his opinion, the hymen might have been destroyed by natural causes, and the inflammation might have been produced by causes other than *coition.*

The prisoner then offered to prove by one Lipscomb, that his brother, more than a year prior to the date of the alleged offence, had connection with the prosecutrix in his witness' presence. This evidence if offered to prove a *specific act,* was clearly inadmissible, and if offered to contradict or rebut the evidence of Doctor Keller, it was equally inadmissible. Doctor Keller testified he found the hymen ruptured, but expressed no opinion as to *the time* when it was ruptured. Besides, the prisoner in his own testimony admitted he had connection with the prosecutrix on the day charged in the indictment, but said it was with her consent. With this admission, the evidence of Doctor Keller was wholly immaterial.

The evidence offered in the third and fourth bills of exception was irrelevant, and in no manner pertinent to the issue. Evidence in regard to the general character of the prosecutrix for *truth and veracity,* or for *chastity* was admissible, but not proof of *specific acts* which tended to show that she was an immoral person.

*Rulings affirmed, and*
*cause remanded.*