EUPHROSENIA BROWN, alias ROSA E. BROWN *vs.* STATE OF MARYLAND.

*Abduction—Evidence—Witness.*

In a trial under an indictment for enticing a girl, under the age of eighteen years, from the custody of her parents, for the purposes of prostitution, the accused may show that previously to coming to her house, the prosecution had been an *habitué* of a bawdy house, with the knowledge of her mother; but evidence to show that, when a little girl, she lived with a prostitute, is inadmissible, the time being too remote.

In the trial of a party charged with having enticed a girl under eighteen years of age, from her parents, for the purposes of prostitution, evidence of the general bad character of the prosecutrix is inadmissible.

How far a witness may be pressed with the same question rests within the discretion of the Court; and where the prosecutrix being asked if she had not sworn before the magistrate that she was born in 1870, replied, "I do not remember," the accused is not injured by not being allowed to ask, "whether she would say she did not swear to that fact," she being afterwards permitted to prove by other witnesses that the prosecutrix did so swear at the preliminary trial before the magistrate.

APPEAL from the Circuit Court for Frederick County.

Five exceptions were taken in the Court below, by the traverser's counsel, being to the admissibility of evidence. The fifth exception was taken to the refusal of the Court to allow the traverser's counsel to ask a witness, "Do you know her (the prosecutrix) general bad character; if yea, state what it is?" The other exceptions are stated in the opinion of this Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, BRYAN, and FOWLER, J.

---

Brown *vs.* State.

---

*William Wilcoxon,* and *Charles F. Markell,* for the appellant.

*Edward S. Eichelberger, State's Attorney for Frederick County,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The accused was indicted under section 1 of Article 26 of the Code, for enticing and persuading Ella Shafer, a girl under the age of eighteen years, from the custody and control of her parents "for the purposes of prostitution."

The mother, having testified that her daughter was in her seventeenth year, and that she had gone to live with the accused without her consent, was asked upon cross-examination the following question:

"Before your daughter left Hagerstown and went to Mrs. Brown's, did you not know that she was an *habitué* of a bawdy house in Hagerstown?"

There cannot be, it seems to us, any objection to this question. To sustain the indictment, the State was bound to prove that the accused had enticed or persuaded the girl to leave her home or usual place of abode without her mother's consent. If the girl was in fact an inmate of a bawdy house before she went to live with the accused, and this was known to her mother, such evidence was material upon the question whether the girl left her home by the persuasion of the accused, and without the consent of her mother.

In *Regina vs. Primelt and Simmonds,* 1 *Fost. & Fin.,* 50, on an indictment under the Statute 9 Geo. 4, chap. 31, sec. 90, for unlawfully taking an unmarried girl under the age of sixteen years out of the possession and against the will of the mother, the proof was that the mother permitted her daughter to go to dances at public inns, and permitted her to stay out late at night, with-

Brown *vs.* State.

out any one to look after her, and that the mother left the door on the latch, or came down to let her in. In summing up, the Chief Justice told the jury if "they thought that the mother had, by her conduct, countenanced her daughter in a lax course of life, by permitting her to go out alone at night, and to dance at public inns, this was not a case that came within the intent of the statute, but was one where what had occurred, though unknown to her, could not be said to have happened against her will."

Without meaning to go so far in this case, it is sufficient to say, that the question proposed to the witness on cross-examination was, for the reasons we have stated, a proper question and ought to have been allowed.

The prosecutrix herself, having been examined in chief, was asked on cross-examination, "where did you stay the night before you left Hagerstown for Mrs. Brown's house?" with an offer to follow it up by proof as to the character of the house.

For the reasons assigned in considering the first exception, the question asked the witness, with the offer to follow it up by evidence in regard to the character of the house, was a proper question. It was for the jury to determine whether the prosecutrix was enticed from home, or whether she went of her own accord and without any suggestion or prompting; and evidence on the part of the accused showing she was a lewd girl, and a frequenter of houses of prostitution, was material as bearing upon that question, and also upon the question whether she went to the house of the accused without the consent of her mother. If the latter, with full knowledge of the lax and dissolute life of her daughter, makes no effort to restrain her, it would be a difficult matter to persuade a jury that the girl left her mother's house without her consent.

In the fourth exception, the prosecutrix, being asked whether she did not swear before the magistrate in Fred-

Brown *vs.* State.

erick that she was born in 1870, and having answered "I do not remember," and the same question being repeated, and the same answer being given, was then asked "whether she would say she did not swear to that fact?"

How far a witness may be pressed with the same question is a matter which must rest largely with the discretion of the trial Court. In some cases, as for instance, with a reluctant or unwilling witness, it may be necessary to press a question beyond what would be proper with a fair and impartial witness. But this is a matter resting in the discretion of the Judge, who sees the witness, and can better determine how far he ought to be pressed by the same question. In this case, however, the accused did not, it seems to us, suffer any injury by the ruling of the Court, for she was allowed to prove by other witnesses that the prosecutrix did swear before the magistrate at the preliminary trial, that she was born in 1870.

It can hardly be necessary to say that proof as to "the general bad character of the prosecutrix" was, upon every principle of evidence, inadmissible.

The evidence offered in the second exception to show that the prosecutrix, when a little girl, lived with Ella Pickett, and the character of the house of Ella Pickett at that time, was too remote, and was therefore properly excluded.

Being of opinion there was error in the rulings in the first and third exceptions, we must remand the case for a new trial.

*Rulings reversed, and*
*new trial awarded.*

(Decided 19th June, 1890.)