# EDWARD N. HOFFMAN *vs.* THE STATE OF MARYLAND.

*Impeaching Witness in Criminal Case—General Reputation for Veracity—Evidence.*

It is not competent to impeach a witness by evidence that he was in the habit of getting drunk, and when in that condition of accusing people of stealing from him, because the veracity of a witness can only be attacked by proving that his general reputation for truthfulness is bad, and the fact that when drunk he accused people of stealing from him does not tend to show that the accusations were false.

Upon the trial of an indictment for stealing money from one Ward, who was not a witness in the case, the traverser offered to prove that Ward's general reputation was that of a man who got drunk and then accused people of stealing from him. *Held,* that the evidence is not admissible since Ward's reputation for veracity was not involved, as he was not a witness.

Appeal from the Criminal Court of Baltimore (PHELPS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PEARCE and SCHMUCKER, JJ.

*Wm. C. Smith,* for the appellant.

*Isidor Rayner, Attorney-General,* submitted the case on his brief.

FOWLER, J., delivered the opinion of the Court.

The traverser was indicted in the Criminal Court of Baltimore City for feloniously stealing five hundred and sixty dollars, the money and property of Michael J. Ward. He was tried before a jury and convicted.

At the trial the traverser took two exceptions to the refusal of the Court to allow him to ask one of his witnesses certain questions. After the State had offered evidence tending to prove that the traverser had stolen the money mentioned in the indictment, he asked the following question of a witness

called on his behalf: "Do you know the general reputation of Ward, the prosecuting witness?" To which the witness answered, he did. He was then asked what was Ward's general reputation for getting drunk and afterwards accusing people of stealing money and articles of value from him? To this last question the State objected, and its objection was sustained. This ruling constitutes the first exception.

The traverser then offered to prove by competent witnesses that the general reputation of Ward, the prosecuting witness, in the community in which he lived, was that of a man who frequently got drunk, and that on recovering from sprees, he accused different persons of robbing him. The State's objection to this question was also sustained, and the traverser took his second exception. The *verdict* being against him he has appealed.

Upon an examination of the record we find nothing in it to show that Ward, whose reputation for veracity it was intended to impeach, had testified in the case. Certainly there is nothing to show that he testified that the traverser had stolen his money. It follows, therefore, that he could not be impeached, for if he had given no testimony in the case, it was immaterial, so far as the issue involved was concerned, whether his reputation for veracity was good or bad. It would, therefore, follow that there was no error in either of the rulings. But in addition to this it is well settled that if the object is, as it was here, to impeach the witness, the inquiry must be as to his reputation for truth and veracity. 1 *Taylor on Evidence*, p. 257, (9th ed.); 3 *Jones on Law of Evidence*, sec. 863; *Knight* v. *House*, 29 Md. 200; *Vernon* v. *Tucker*, 30 Md. 456; *Sloan* v. *Edwards*, 61 Md. 104; 2 *Poe Pleading and Pr.*, sec. 285.

The inquiry, therefore, must relate to the general reputation of the witness, and not to his reputation for getting drunk and accusing people of robbing him, for the fact that he was in the habit of getting drunk and while drunk of making the accusations mentioned, could have no tendency to impeach the witness for the reason that it by no means follows that a

reputation for getting drunk and making such accusations necessarily includes a bad reputation for veracity. The accusations thus made may have been true, and the question does not state whether they were true or false.

The second exception is substantially similar to the first, and was intended to present the same question. The inquiry here proposed, like the one just considered, has no reference to the general reputation of the witness for veracity and, therefore, it also violates the well-established rule. But it also seeks to impeach the witness by proving a reputation for getting drunk and making accusations without designating whether these accusations were true or false.

*Judgment affirmed.*

(Decided June 12th, 1901.)