### STATE v. J. M. ARNOLD.

(Filed 26 February, 1908).

**1. Rape—Assault with Intent—Character Prosecutrix—Issues.**

Under an indictment for an assault with intent to commit rape, the character of the prosecutrix is not an issue in itself, but is incidental and collateral, and evidence of specific charges of adultery or corrupt acts is incompetent.

**2. Same—Instructions.**

Instructions requested, "that the evidence was not sufficient to convict and the jury should find the defendant not guilty," are properly refused on a trial for an assault with intent to commit rape, when there is evidence sufficient for the jury to consider either upon the question of simple assault or of the offense charged.

**3. Appeal and Error—Verdict Set Aside—Discretion.**

The refusal of the court below to set aside, in his discretion, the verdict of the jury is not reviewable on appeal. Affidavits used for the purpose of influencing this discretion do not influence the Supreme Court, and they are not considered.

INDICTMENT for assault with intent to commit rape, tried before *Lyon, J.*, and a jury, at September Term, 1907, of the Superior Court of CRAVEN County.

The defendant was convicted of an assault with intent to commit rape, and from the judgment imposed appealed.

*Assistant Attorney-General, T. D. Warren* and *Simmons, Ward & Allen* for the State.

*Moore & Dunn, W. D. McIver* and *D. L. Ward* for defendant.

BROWN, J. There was evidence introduced tending to prove that the prosecutrix is a woman of bad character, and evidence that she is a woman of good character. The defendant offered to prove specific acts of adultery upon the part of the prosecutrix with others than himself, and that on one occasion she exhibited to a male companion a photograph of herself in the nude. Such testimony is incompetent. It

is almost universally held that proof of particular facts is inadmissible in impeaching a witness, because such proof tends to a number of collateral issues, and neither the witness nor the party producing such witness can be prepared to meet them.

The character of a witness is not an issue in itself. It comes in question incidentally and collaterally, and, therefore, specific charges of corrupt acts are not to be heard to impeach it: *State v. Henry,* 50 N. C., 70; *State v. Hairston,* 121 N. C., 582; *Barton v. Morphes,* 13 N. C., 521; *State v. Bullard,* 100 N. C., 486; *Nixon v. McKinney,* 105 N. C., 23.

The defendant requested the court to charge the jury "that the evidence was not sufficient to convict, and that they should find the defendant not guilty." In framing this prayer, the learned counsel for the defendant were inadvertent that the defendant, under this indictment, could be convicted of a simple assault, as well as of the more serious offense. We consider the prayer, however, as bearing on the latter. It is only necessary to quote a portion of the evidence of the prosecutrix in considering this exception: "I was going to halloo for Cæsar to take him out. He said: 'If you don't consent to my wishes I will kill you.' I told him I would suffer to die before I would submit. He then got up in the floor and took his knife out of his pocket, and said: 'The day I was married my happiness and pleasure were buried.' I said: 'Julius, get out of here! If you don't, I will halloo for Cæsar.' He said: 'If you do, I will cut your damned throat.' He then grabbed me by the hand and tried to force me into the other room, and he saw I was not going to be forced in there. He then knelt down by my chair, with his left arm around my neck and his knife in his left hand and his right hand was under my clothes to my knees. My little girl waked up, and immediately he loosed me and took his chair, and I left the room for help. He started out behind me. I was afraid to go around wall, and I went under my porch." There was

evidence corroborating the prosecutrix and also contradicting her statements and tending to impeach her credibility. It is plain his Honor properly submitted the question to the jury.

It appears in the record that certain petitions were presented to his Honor, signed by jurors and citizens, in the endeavor to induce him to exercise his discretion and set aside the verdict, which he declined to do. We have held in numerous cases that we will not review the exercise of such discretion. Those papers and petitions have been improperly and inadvertently, we suppose, incorporated in the record and case on appeal sent to this Court. Consequently, they have figured largely in the eloquent and earnest addresses made to us by the defendant's counsel.

As we cannot consider them and are not influenced by them in passing upon the errors of law assigned, they should never be sent up to this Court.

No Error.