# ROY RAU

*vs.*

# STATE OF MARYLAND.

*Criminal law: carnal knowledge of female child; previous inter-
course with other men immaterial. Impeach-
ment of witnesses: general reputation.*

In order to impeach the credit or veracity of a witness, the
examination must be to the general reputation, and not as to
particular facts.                                                   p. 616

Upon an indictment for assault, with intent to have carnal
knowledge of a female child under the age of 14 years, the ques-
tion of her prior intercourse with another, or her chastity, is
not material, and can not reflect upon the guilt or innocence of
the accused.                                                       p. 615

*Decided January 16th, 1919.*

Appeal from the Criminal Court for Baltimore County.
(MCLANE, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CON-
STABLE, JJ.

*C. Gus Grason*, for the appellant.

*George Hartman, State's Attorney for Baltimore County,*
and *Ogle Marbury, Assistant Attorney General,* (with whom
was *Albert C. Ritchie, Attorney General,* on the brief), for
the appellee.

Briscoe, J., delivered the opinion of the Court.

The traverser was indicted in the Circuit Court for Baltimore County and was convicted by the verdict of a jury on the fourth count of the indictment and sentenced to be confined in the Maryland House of Correction for the period of two years. He brings this appeal from that judgment.

The indictment contained six counts. The first and second counts were abandoned by the State, and the traverser was adjudged not guilty by the jury on the third, fifth and sixth counts of the indictment upon the trial.

The fourth count upon which the traverser was convicted alleges that the traverser on the 25th day of April, 1918, at the county aforesaid, in and upon one Martha Lohmeyer, who was then and there a woman child, under the age of fourteen years, unlawfully did make an assault and her the said Martha did then and there beat, with the intent then and there, the said Martha feloniously to carnally know and abuse, contrary to the form of the Act of Assembly in such case made and provided and against the peace, government and dignity of the State.

The questions to be determined by us are presented upon exceptions reserved to the rulings of the Court below upon evidence in the course of the trial.

The first exception of the appellant was taken to the refusal of the Court upon objection by the State to permit the prosecutrix to be asked upon cross-examination, and to answer the following question: "Q. Didn't you about a year ago tell your mother that a man by the name of Horton who was your neighbor, had put his person in your person."

The law upon the admission of this character of testimony in cases of this kind seems to be fully settled by the weight of the judicial decisions as well as by the leading authorities and text writers in this country.

The traverser in this case was convicted on the fourth count of the indictment charging the statutory offense of an assault, with intent to have carnal knowledge of a female child under the age of fourteen years under section 17, Arti-

cle 27 of the Code and consent was in no way an element of the offense.

The prosecutrix under the law by reason of her age was not capable of consenting to sexual intercourse with the traverser and the question of her prior intercourse with another or her chastity was not a material issue and could not reflect upon his guilt or innocence, under the fourth count of the indictment.

In *State* v. *Roderick* (Ohio), 14 L. R. A. (N. S.) 723, the authorities in many of the States are collected and reviewed in an interesting note by the annotator, and the conclusion from all the cases is thus stated: "In the case of statutory rape, consent is no element in the crime; the victim by reason of her tender years is legally incapable of consenting to her defilement. The question of her chastity is therefore entirely immaterial and the courts are virtually unanimous in excluding all evidence relating to it." *Weatherford* v. *Weatherford,* 56 Amer. Dec. 206; 2 *Wigmore on Evidence,* 983; *Greenleaf on Evidence,* Vol. 1, sec. 461, 585; *Wharton on Criminal Evidence,* sec. 486.

In *Shartzer* v. *State,* 63 Md. 149, this Court said: "After a full examination of all the cases, and the principles on which they are based, we are of opinion that the prosecutrix on a charge of rape could not be asked the question whether she had previously had connection with another person, but that evidence in regard to the general character of the prosecutrix for truth and veracity or for chastity was admissible, but not proof of specific acts which tended to show that she was an immoral person." *Brown* v. *State,* 72 Md. 477; *Avery* v. *State,* 121 Md. 236.

The question propounded in this case was, therefore, improper, because the evidence that was sought to be introduced was proof tending to show particular instances and specific acts of the want of chastity with other men than the accused, and did not go to the impeachment of her general character for truth and veracity, even if such testimony was

admissible at all in cases of this kind, and if this method of cross-examination was permissible.

The general rule, as we have stated, is well settled, that in order to impeach the credit or veracity of a witness the examination must be confined to his general reputation and not permitted as to particular facts.

*Mr. Wharton,* in his work on *Criminal Evidence,* Sec. 486, says, a witness may be discredited by evidence attacking his character for truth and veracity, but particular independent facts, though bearing on the question of veracity, can not be put in evidence for this purpose. And it is further said, it had been held inadmissible in cases of this kind, in order to attack veracity, to prove the bad character of a female witness for chastity, or to show that she is a prostitute.

This general rule has been applied in a number of cases in this Court. *Shartzer* v. *State,* 63 Md. 149; *Hoffman* v. *State,* 93 Md. 388; *Richardson* v. *State,* 103 Md. 112; *Meno* v. *State,* 117 Md. 439.

The second exception was similar to the first, and presents the same question.

There was no error in the rulings of the Court upon either of these exceptions, and the Court was right in refusing to permit the question to be answered in the first and in overruling the offer to admit the evidence in the second.

In the third exception it appears that the witness, Henry Lohmeyer, the father of the prosecutrix, was recalled by the traverser and was asked the following question: "Q. You have been sworn before; I want to ask you, Mr. Lohmeyer, if your daughter Martha, the prosecutrix in this case, didn't tell you that a man by the name of Hutton, a neighbor across the road where you lived about a year ago, that about that time that this Mr. Hutton had sexual intercourse with her, and if she didn't thereafter tell you that it was not so and that she had told a lie on Hutton (Horton)?"

To the asking of this question the State objected, and the Court sustained the objection and refused to permit the question to be asked and answered, and the traverser excepted.

The counsel for the traverser contends that the question was proper because evidence that the prosecutrix had previously made a false charge of a similar nature against another party, if admitted, would have a tendency to impeach her character.

In this case we have held in the former part of the opinion that proof of specific acts which tended to show that she was an immoral person was not admissible, and that a witness could not be impeached by evidence showing particular instances in which he had been untruthful, or particular acts of unchastity or immorality, but the impeachment must go to her general character for truth and veracity, and not as to particular facts.

It will be seen that the prosecuting witness was not asked on cross-examination whether she had told a lie concerning the alleged intercourse with Hutton or Horton, but whether or not she had told her mother a year ago that a man by the name of Horton, a neighbor of hers, had sexual intercourse with her.

In *State* v. *Arnold* (N. C.), 60 S. E. 504, it is said, it is almost universally held that proof of particular facts is inadmissible in impeaching a witness, because such proof tends to a number of collateral issues, and neither the witness nor the party producing such witness can be prepared to meet them. Such testimony the Court held was incompetent. *Richards* v. *State*, 129 Md. 184; *Riggins* v. *State*, 125 Md. 166.

In *Meno* v. *State*, 117 Md. 438, it is said the testimony sought to be elicited was not the general character of the deceased girl for lewdness, but her conduct with a particular man, and it was therefore analogous to the rule laid down in *Shartzer* v. *State*, 63 Md. 149, and *Richardson* v. *State*, 103 Md. 112, holding such evidence inadmissible. *Cross* v. *State*, 118 Md. 660.

It is said in *Poe on Pleading and Practice*, 2nd Volume, Section 277, that, "although, in practice, great latitude is permitted on cross-examination, still a witness can not be

cross-examined upon irrelevant matter for the purpose of impeaching him; and when immaterial evidence has been thus brought out, it is not competent for the party eliciting it to contradict it, but he will be bound by the answer of the witness." *Sloan* v. *Edwards,* 61 Md. 89; *Jones* v. *State,* 132 Md. 146.

As the proffered testimony was immaterial and irrelevant in this character of case, and evidence was inadmissible to impeach the witness, there was no error in the Court in refusing to permit the question to be asked and answered.

The objection to the evidence offered in the fourth bill of exception was also properly sustained. If the evidence was offered for the purpose of proving a particular instance or a specific act, of a want of chastity on the part of the prosecutrix, it was inadmissible, and if offered for the purpose of impeaching the witness it was also clearly not admissible, for the reasons stated by us in disposing of the other exceptions.

It follows that, as the rulings of the Court below upon each of the exceptions were correct, the judgment must be affirmed.

*Judgment affirmed, with costs.*