PARKE & BARRON, Appellants, *vs.* LEEWRIGHT, Respondent.

1. Mere part payment of the purchase money is not sufficient to entitle a party to the specific performance of a contract to convey land.
2. Valuable improvements, to be a ground for enforcing a specific performance, must have been made with the expectation that the contract would be fulfilled, and not after it was known that it would not be.

*Appeal from Franklin Circuit Court.*

The case is stated in the opinion of the court.
*Stevenson* and *Gale,* for appellant.
*J. Halligan,* for respondent.

GAMBLE, Judge, delivered the opinion of the court.

The petition is for the specific execution of an agreement for the sale of land. It is alleged that the plaintiffs agreed with one Jones, an agent of defendant, to purchase 273 acres of land belonging to defendant, at $7 50 per acre. The plaintiffs were

Parke *v.* Leewright.

to pay twenty dollars in cash and cause certain notes of the
defendant to be liquidated, and to pay the balance of the pur-
chase money in two years, for which they were to give their
bonds, bearing interest from date.   The plaintiffs and defend-
ants were to meet in Union, the county seat of the county, and
execute the necessary papers under the contract.   The agree-
ment was made on the 24th December, 1852, and the parties
were to meet and execute the contract on the first day of Jan-
uary, being eight days after making the contract.

The plaintiffs allege that they paid to Jones the twenty dol-
lars in cash, when the contract was made, and immediately
took possession of the land ; that they attended at Union on
the first day of January, ready to comply with their part of the
contract, but the defendant failed to attend and refused to com-
ply with his part of the contract.   They also say that they
proceeded to improve and work the land, and that they have
constructed " valuable and lasting improvements upon the land,
in building fences, stopping washes, and preparation of the land
for cultivation."   The defendant demurred to the petition, and
the court sustained the demurrer.

The suit was commenced March 11, 1853.   The only ground
upon which this agreement is to be taken out of the operation
of the statute of frauds is, that it was partly performed.

1. The purchase money agreed upon was $2,053 12½ ; the
payment was twenty dollars.   The payment of this sum did
not, of itself, entitle the plaintiffs to apply to a court of equity
for a specific execution of the agreement.   Their remedy at
law afforded them ample redress.   They took possession im-
mediately upon making the agreement.   If it was on the same
day, then in eight days they knew that the defendant refused to
comply with the contract.   The *valuable* improvements, in ma-
king fences, stopping washes, &c., were not made within that
time—at least it is not so alleged—and if they were made af-
terwards, they were made upon the supposition that the plain-
tiffs could hold the defendant to the terms of the agreement, by
this suit—not that he would himself execute the contract.   They

will not be placed in a condition which will be a fraud upon them, if the agreement is not executed.

The petition, on its own face, shows a case in which plaintiffs are seeking to hold the opposite party to the fulfillment of an agreement void by the statute of frauds, when nothing has been done under it, on their part, with the expectation that it would be fulfilled by defendant, except the payment of the twenty dollars. In such a case, a court of equity does not interfere.

The demurrer was rightly sustained, and the judgment is affirmed.