### STATE OF MINNESOTA *vs.* JOHN VADNAIS.

#### March 29, 1875.

Trial for assault with intent to commit Rape—Evidence of actual Rape—Refusal to direct verdict of Acquittal.—On an indictment for assault with intent to commit a rape, the evidence on the part of the prosecution tending strongly to show the actual commission of a rape, the refusal of the court to instruct the jury to return a verdict of not guilty, on the ground that the evidence showed that the crime of rape had been committed, and that the minor offence charged was merged in the greater one proved, is not error.

Same—Conviction for simple Assault.—On such an indictment, a conviction may be had for simple assault.

Same—Evidence of previous sextual intercourse between prosecutrix and persons other than defendant.—On such an indictment, the jury having found the defendant guilty only of an assault, *Held*, that rulings of the trial court, excluding evidence of previous and subsequent specific acts of sexual intercourse, between the prosecuting witness and persons other than the defendant, offered as substantive matters of defence, cannot be deemed prejudicial to the defendant, and, therefore, constitute no ground for granting a new trial.

Appeal by defendant from a judgment of the district court for Sherburne county, *McKelvey*, J., presiding.

*H. L. Gordon* and *L. W. Collins*, for appellant.

*Geo. P. Wilson*, Attorney General, for the State.

CORNELL, J. This case comes upon a bill of exceptions, presenting two questions. Defendant was indicted for an assault on one Mary Carpenter, with intent to commit a rape, and was convicted simply of an assault. The evidence on the part of the prosecution tended strongly to show that the offence actually committed was that of rape. At the close of the case on the part of the plaintiff, defendant moved "that the jury be instructed by the court to return a verdict of not guilty, upon the evidence as it stands, upon the ground that said evidence shows that if any offence was committed by said defendant, it was the crime of rape: that the minor offence of assault with intent to commit a rape merges into the greater offence of rape, when they meet, or the one is included in the other. That as the testimony, as it stands, shows the rape to have been actually committed, the defendant cannot be convicted lawfully of assault with intent to commit rape, upon an indictment for that offence only." The court refused this request, and the defendant excepted.

In this there was no error. It is not within the province of the court, in general, to decide on the credibility of witnesses, or the weight of the facts tending to prove a felony. Such questions properly belong to a jury, and especially in a criminal case. Whether, in this case, the offence charged in the indictment, or the greater one of rape, was in fact established by the evidence adduced, depended upon what facts the jury should rightfully find to have been proved by such evidence. Hence, the court very properly refused defendant's request. Conceding, however, the claim of defendant that the crime of rape was actually committed by the defendant, we are not prepared to hold that the defendant could not have been indicted and convicted of the less offence of an assault with intent to commit a rape. When the act charged as a crime is a constituent part of some greater offence, it does not lie with the defendant to object that, although he committed the particular offence charged, he is guilty of another and greater offence, which includes

the one for which he is being tried, and hence that he cannot be convicted of the lesser crime. *Reg.* v. *Button,* 11 Q. B. 929; *Reg.* v. *Neale,* 1 Den. C. C. 36; 1 Whart. Cr. Law, § 564; *Com.* v. *Burke,* 14 Gray, 100; *Com.* v. *Dean,* 109 Mass. 349; *People* v. *Durkin,* 5 Park. C. R. 243.

On the trial, defendant sought, both on the cross-examination of the prosecuting witness, and by other witnesses, to prove particular acts of illicit intercourse and intimacy between the prosecutrix and persons other than the defendant, both prior and subsequent to the time of the alleged offence, which the court, on objection, refused to allow. No point is made by defendant that the purpose of the enquiries on the cross-examination was to impeach or degrade the witness. Whatever may be the true rule, in cases of this character, relative to the proof of such acts, as substantive matters in defence, the verdict of the jury has rendered it wholly unnecessary to enquire and determine in this case. By the verdict, the defendant was found guilty of an assault only, a verdict fully authorized by our statutes, under an indictment of this kind. § 12, ch. 91, § 18, ch. 114, Gen. Stat. It will not be controverted that on the trial of an issue of a simple assault, evidence of previous or subsequent specific acts of unchastity of the party assaulted, would be clearly inadmissible, as substantive matter in defence. In indictments for rape, such evidence is claimed to be competent, chiefly as bearing upon the question of the assent of the female to the act of sexual intercourse, and as thereby tending to disprove that a rape was committed or intended: and when, as in the case at bar, the only facts which the testimony offered tended to disprove are fully negatived by the verdict, it is difficult to see how the defendant was in any way prejudiced by the ruling of the court.

Judgment of the district court affirmed, and the sentence pronounced is directed to be executed.