## H. D. Evans and others *vs.* Hans Christopherson.

### December 27, 1877.

**New Trial—Newly Discovered Evidence.**—A motion for a new trial, on the ground of newly discovered evidence, *held* to have been properly refused in this case on account of a failure to show due diligence in endeavoring to procure such evidence.

This action was tried in the district court for Freeborn county, before *Page,* J., and a jury. A verdict was found for defendant. Plaintiffs moved for a new trial upon the ground that evidence material to the issue, which could not, with reasonable diligence, have been discovered and produced at the trial, and was unknown to plaintiffs at the time of the trial, had been newly discovered. The motion was denied, and plaintiffs appealed.

*A. G. Wedge,* for appellants.

*Lovely & Parker,* for respondent.

BERRY, J.* This action is brought upon a promissory note alleged to have been made by defendant. The amended answer expressly denies that defendant ever made or signed the note.

The testimony upon the part of the plaintiff went to show that the signature of the note was defendant's genuine signature; the testimony on the part of the defendant that it was not.

Defendant having obtained a verdict, plaintiffs moved for a new trial for newly discovered evidence going to prove that the signature in question was the genuine signature of defendant. The newly discovered evidence is evidence which it was claimed would be given by one of the parties of whom the plaintiffs, upon their own showing, purchased the note in suit. The plaintiffs having been distinctly apprised by the answer that the genuineness of the signature was disputed, it was their duty, unless they proposed to abandon the case, to exercise due diligence to procure and produce testimony to establish its genuineness. In the absence of some sufficient reason to the contrary, and none appears, it was presumably their duty, in the exercise of such due diligence, to make inquiry for and of the parties of whom they purchased the note. The person by whom it is claimed that the newly discovered evidence will be given is one of these parties, yet it is not shown that any search or inquiry was made for him, or that any effort whatever was made to discover his whereabouts, or to ascertain what he knew. For this failure of the plaintiffs to show due diligence in the premises, the court below was, irrespective of other reasons, amply justified, in the exercise of its sound discretion, in refusing the new trial prayed for.

Order affirmed.

*H. D. EVANS and others *vs.* GEORGE McCOLLEY. (December 27, 1877.)

BERRY, J. This case presents the same question raised upon a substantially analogous state of facts in *Evans and others* v. *Christopherson*, which we have just determined. For the reason given in the opinion filed in that case, the order denying a new trial is affirmed.

*A. G. Wedge*, for appellant.
*Lovely & Parker*, for respondent.