## THE STATE *ex rel.* v. OEDER.

1.  **Intoxicating Liquors:** ILLEGAL SALES BY PHARMACIST: EVI-
    DENCE. In a prosecution of a pharmacist for the illegal sale of
    liquors to one M., papers purporting to be applications of M. to
    defendant for the purchase of such liquors were admitted. They
    were in the usual form, and were produced by the county auditor,
    who testified that they came into his possession with the office, but
    that he could not find defendant's sworn certificate, which should
    be attached thereto. The deputy auditor testified that defendant
    always appended such certificate to his reports of sales, and if the
    papers in question were filed by defendant, such certificate would
    have been with them, and the defendant testified that they
    appeared to be in his handwriting. *Held* that they were suffi-
    ciently identified to make them admissible in evidence.

2.  ———— : ———— : SALES TO HABITUAL DRUNKARD: EVIDENCE. The
    evidence in this case (see opinion) *held* sufficient to go to the jury as
    showing that defendant sold intoxicating liquors to one J. M., and
    that of several men of the same name, to whom he sold, the par-
    ticular M. referred to in the evidence was one who was in the
    habit of becoming intoxicated, though defendant testified that he
    never sold to that particular person.

3.  **New Trial:** NEWLY-DISCOVERED EVIDENCE. A new trial will not
    be granted on the ground of newly-discovered evidence which is
    merely cumulative, especially where the necessity of the evidence
    appears during the trial, and there is no showing that it could not
    have been procured before the trial closed.

*Appeal from Polk District Court.* — HON. MARCUS
        KAVANAGH, JR., Judge.

FILED, MAY 14, 1890.

ACTION against the defendant, a registered phar-
macist, to recover penalties prescribed by statute for
unlawful sales of intoxicating liquors. The petition
charges seven sales to one James Murphy, a person in
the habit of becoming intoxicated. Defendant answered,
admitting that he was a registered pharmacist, and
denying every other allegation of the petition. Trial

to a jury. Verdict for plaintiff for two hundred dollars. Defendant appeals.

*Guthrie & Maley,* for appellant.

*Balliet & Stafford,* for appellee.

GIVEN, J.—I. On the trial, plaintiff was permitted to introduce in evidence, over defendant's objection, several papers purporting to be applications of James Murphy to defendant for the purchase of intoxicating liquors. The ground of defendant's objection was that the documents were not identified as any part of the reports filed with the auditor by the defendant. The papers are in the usual form of such applications, and are addressed to defendant, and purport to be signed by James Murphy. They were produced by the county auditor, who testified that they came into his possession with the office, that there should be a sworn certificate attached or accompanying them, but that he could not find such a certificate. The deputy-auditor testified that the defendant, in making his reports of sales of intoxicating liquors, always made a sworn certificate, and that, if these papers were filed by defendant, such sworn certificate would have been with them. The defendant, being called by the plaintiff, testified that the exhibits appeared to be in his handwriting. We think this was a sufficient identification of the exhibits to allow them to be received in evidence.

1. INTOXICATING liquors: illegal sales by pharmacist: evidence.

II. At the close of plaintiff's testimony the defendant moved the court to direct a verdict for the defendant, which motion was overruled. Appellant contends that, under the evidence, this motion should have been sustained. To maintain his action, the plaintiff must prove sales of intoxicating liquors to James Murphy, as alleged, and that James Murphy was in the habit of becoming intoxicated. One witness testified that he had seen James Murphy, an employe at the East Twelfth street fire

2. ——: ——: sales to habitual drunkard: evidence.

department, write his name once, last summer, at a trial, for the purpose of comparing it with another signature, and that he thought the signature to these papers was that of the same James Murphy. This, in addition to the testimony already stated, certainly render these exhibits strong evidence of sales of intoxicating liquors by the defendant to James Murphy of the fire department. As against this, the defendant testified that he had sold liquors to different persons of that name, but not to any who were in the habit of becoming intoxicated; that he had sold to a James Murphy, but was not acquainted with him; that he was told in February of 1887 that James Murphy of the fire department was in the habit of becoming intoxicated; that thereafter a person named James Murphy came to buy liquor, and, thinking it was Murphy of the fire department, he refused to let him have it, but afterwards found that it was a different man; that James Murphy of the fire department applied to him several times to buy liquors, and that he always refused him. Two witnesses testified as to habits of James Murphy of the fire department. One stated that he had seen him drunk three or four times before April, 1887, and frequently saw him under the influence of liquor. The other stated that he had seen him intoxicated once during 1887. We are clearly of the opinion that this evidence was not only sufficient to warrant the overruling of defendant's motion for verdict, but sufficient to sustain the verdict rendered. Like appellee, we are unable to discover any reason why the verdict was not for a much larger sum; but, as defendant alone appealed, and, as the finding of the lesser sum is favorable to him, he has nothing of which to complain.

III.   Appellant complains of the court's overruling his motion for a new trial on the grounds of newly-discovered evidence. The alleged newly-discovered evidence was to the question whether any sales had been made to James Murphy of the fire department, and was, therefore,

3. NEW trial: newly-discovered evidence.

cumulative. While it may be true that the defendant did not know until on the trial that the plaintiff would rely on proofs of sales to James Murphy of the fire department, it does not appear that any effort was made, after that fact was discovered, on the trial, to procure the attendance of said James Murphy, or that the same could not have been done at that trial. The judgment of the district court is

AFFIRMED.