## DEMMON v. MULLEN.

1. A verdict based upon and sustained by legal evidence will not be disturbed on appeal.    Jeansch v. Lewis, 48 N. W. 128, 1 S. D. 609.

2. The policy of the law is to require a party to an action to be diligent in securing and presenting his evidence when the cause is tried, and a motion for a new trial upon the ground of newly-discovered evidence will not be granted when it is clear that a party has failed to exercise reasonable diligence, and when the proposed evidence is cumulative in its character, and unlikely to change the result in case a rew trial should be granted.

(Syllabus by the court.    Opinion filed Feb. 23, 1895.)

Appeal from circuit court, Custer county.    Hon. WILLIAM GARDNER, Judge.

Action to recover a money judgment.    Judgment for plaintiff, and defendant appeals.    Affirmed.

The facts are stated in the opinion.

*W. G. Porter*, for appellant.

*Buel R. Wood*, for respondent.

FULLER, J.    This action, based upon an alleged parol agreement, was commenced and prosecuted to judgment in the

circuit court, to recover, for boarding certain laborers, $502.41; for the performance of certain labor, $525.42; and $350 as a balance of the profits or net earnings of a certain sawmill, owned by plaintiff, and operated by defendant, under said contract, from the 6th day of July, 1892, until the 10th day of December of that year. The answer put in issue all the material allegations of the complaint, and the case was tried to a jury. Upon a verdict of $750 judgment was rendered in favor of plaintiff, from which, and from an order overruling a motion for a new trial, defendant appeals.

Appellant's counsel relies measurably upon the insufficiency of the evidence to justify and sustain the verdict, and with some confidence maintains that a new trial should have been granted on the ground of newly-discovered evidence. To sustain the allegations of the complaint, plaintiff, in his own behalf, testified, in substance, that on the 29th day of June, 1892, he and the defendant entered into an oral agreement, by which the defendant leased a certain sawmill belonging to plaintiff, and agreed to operate the same at his own expense, and to divide the net profits equally with plaintiff, and also to pay two dollars per day for his personal services in and about the mill, and four dollars per day when he worked for the defendant with his team; that for services so rendered under the agreement between the 8th day of July, 1892, and the 10th day of the following December, he had received no compensation, and that defendant was indebted to him for 120 days' work without a team and for 76 days of team work; that at all times within the above-mentioned dates he furnished board for 25 of defendant's men employed in the sawmill and lumber business, amounting in the aggregate, at the price agreed upon, to the sum of $502.41. Although the testimony of the witness relating to the profits of the business and his alleged interest therein under the contract is in some material particulars indefinite and uncertain, and while his statements upon the witness stand, collectively considered, are not entirely clear and probative in

their character, we are satisfied that there was at the close of the case conflicting and material evidence for the consideration of the jury, which is sufficient to justify and sustain the verdict for $750, and the same will not, for that reason, be disturbed. It was first said in Jeansch v. Lewis, 1 S. D. 609, 48 N. W. 128, that "this court will not weigh such conflicting evidence, or go further than to determine therefrom whether or not plaintiff has given sufficient legal evidence to sustain the verdict, without regard to the evidence given on the part of the defendant, except so far as such evidence tends to sustain plaintiff's case"; and, as this court has uniformly adhered to the above rule in subsequent cases, the question requires no further consideration.

Upon the hearing of the motion for a new trial, and in support of the ground of newly-discovered evidence, appellant's counsel presented to the trial court the affidavit of the defendant, Mullen, from which it appears that the proposed witness had been a resident of Omaha during a large portion of the time since the commencement of the action and before the trial, and that he had removed to Texas before an attempt was made to take his deposition. Witness further stated that he had exercised due diligence to learn his whereabouts, but there is nothing to indicate the particular acts constituting such diligence, nor to enable the court to determine whether any degree of diligence had in fact been exercised. At the trial the witness Mullen testified as follows: "Q. Are you acquainted with Jarvis? A. Yes, sir. Q. Have you made any effort to get him here? A. Yes, sir. Q. What efforts have you made? A. It was about six weeks ago that he was in Omaha. He said he intended to go to Kansas, and would let me know, so that I could get his deposition in the case. Q. Do you know where he is now? A. He is in Texas somewhere. I heard he was. I don't know." No attempt appears to have been made to procure a continuance on account of the absence of the witness, and affiant nowhere states that the attendance of the witness

could be procured, or that his deposition would be taken, in case a new trial was granted.    It also appears from the record that two of the witnesses offered on behalf of the defendant testified at the trial the same as the proposed witness would testify, and, as this evidence is practically undisputed, and the verdict was for but $750 upon a claim of over $1,400, it would not be entirely unreasonable to presume that the $400 claimed to have been paid by defendant in settlement of a debt due from plaintiff to Mr. Jarvis was in fact considered, and by the jury deducted from the amount claimed by the plaintiff.    In our opinion, defendant has failed to show proper diligence.    He, of course, knew before the commencement of the action that he had paid Jarvis money on plaintiff's account; and, as the evidence is in its nature cumulative, a new trial would not be likely to change the result, and the same was properly denied. Klockenbaum v. Pierson, 22 Cal. 160; Cooper v. State, 120 Ind. 377, 22 N. E. 320; Carson v. Henderson, 34 Kan. 404, 8 Pac. 727; Evans v. Christopherson, 24 Minn. 330; Petefish v. Watkins, 124 Ill. 384, 16 N. E. 248; State v. Oeder, 80 Iowa, 72, 45 N. W. 543; Dollman v. Munson, 20 Mo. 85, 2 S. W. 134; Wieting v. Town of Millston, 77 Wis. 523, 46 N. W. 879.    Finding no error, the judgment of the trial court is affirmed.