## BEDTKEY V. BEDTKEY.

1. Where the slanderous words spoken by defendant charged plaintiff with the commission of a crime, injury is presumed, and failure to prove damages is not a ground for the direction of a verdict for defendant.

2. Where in an action for slander, charging plaintiff with the commission of an indictable offense, evidence of injury to feelings is admitted without objection, damages are recoverable therefor.

3. Under Comp. Laws, § 4934, providing that no variance between the allegations and the proof shall be deemed material unless the adverse party is thereby prejudicially misled, which fact must be proved, a defendant in an action for slander is not entitled to a reversal on the ground of a variance between the complaint and the proof, without showing that he was thereby misled to his prejudice.

4. In an action for slander, an objection to a question asked plaintiff on cross-examination in reference to a pending action for divorce between herself and her husband is properly sustained, she not having been questioned thereon, and it not being material to the issues presented.

5. Under Comp. Laws, § 5217, providing that on appeals from orders the clerk shall transmit the order appealed from and the original papers used on the hearing, the affidavits on the hearing of a motion for a new trial will be considered on appeal, though they are not a part of a bill of exceptions.

6. An affidavit of a juror showing that a verdict was arrived at by resort to chance, which affidavit the juror subsequently repudiated—the record showing that he was wrong in the first instance—does not overcome the presumption that an honest jury reached a conclusion based upon the evidence.

7. Where defendant in an action for slander did not at the trial claim to have been misled by the failure of the complaint to disclose the place where the alleged slander was uttered, the court, on a motion for a new trial, was justified in holding that such claim then raised was without merit.

8. Applications for a new trial oh the ground of newly discovered evidence are addressed to the discretion of the court, which will not be reviewed on appeal in the absence of an abuse of such discretion.

(Opinion filed February 12, 1902.)

Appeal from circuit court, McCook county. HON. JOSEPH W. JONES, Judge.

Action by Helen Bedtkey against Edward Bedtkey. From a judgment for plaintiff, defendant appeals. Affirmed.

The facts are stated in the opinion.

*Frank Van Wagenen* and *M. A. Butterfield*, for appellant.

If the slanderous words are alleged to have been spoken of the plaintiff, the action must fail, if spoken to the plaintiff. Cyclopedia of Pl. & Pr. Vol. 13, p. 65, Sanford v. Gaddis, 15 Ill. 229; Becker v. Schiller, 49 Ill. Ap. 606; Williams v. Harrison, 3 Mo. 411.

If the words are charged to be spoken in the third person as "he", etc., and the proof be of words in the second person, as "you", etc., the proof will not support the declaration, there being a difference between words spoken in a passion to a man's face, and deliberately, behind his back. Miller v. Miller, 8 Johns. (N. Y.) 74; McConnell v. McCoy, 7 S. & R. Pa. 223; Vol. 13, Cyclopedia of Law, p. 474, note 4.

When a witness is cross-examined he may be asked any question which tends (1) To test his accuracy, veracity, or credibility; or (2) to shake his credit, by injuring his character. 1 Greenleaf on Evidence, Secs. 451 to 460, inclusive; 1 Wharton on Evidence, Secs. 529 to 548, inclusive.

*E. H. Wilson,* for respondent.

Cross-examination is under the control and within the direction of the trial court. It must usually relate to a material issue and be confined to matters brought out by examination in chief Noyes v. Belding, 5 S. D. 603.

A party has no right to cross-examine a witness except as to facts and circumstances connected with the matter stated in his direct examination. Greenleaf on Evidence, 14 Ed. sec. 445; First Rice on Evidence, 586; Underhill on Evidence, 481.

Where there is substantial evidence to support the verdict it will not be disturbed. Huron Printing & Binding Co. v. Kettleson, 4 Dak. 520.

The verdict rendered under competent evidence will not be disturbed. Vermillion v. City of Vermillion, 6 S. D. 466, 61 N. W. 802.

Verdict will not be disturbed when the evidence is conflicting and there is legal evidence to support it. Erickson v. Sophy, 10 S. D. 71, 71 N. W. 559.

Where there is legal evidence which fairly warrants the verdict of a jury, such verdict will not be set aside. Franz Brewing Co. v. Mielenz, 5 Dak. 136; Caulfield v. Bougle, 2 Dak. 464; Finney v. Railroad, 3 Dak. 270.

An application for a new trial on account of insufficiency of the evidence is addressed to the sound discretion of the trial judge and his discretion will only be reviewed in case of manifest abuse of discretion. Grant v. Grant, 6 S. D. 147; Alt v. C. & N. W. R'y., 5 S. D. 20; Pianoforte Co. v. Miller, 38 Ia.; Hodges v. Bierlien, 4 S. D. 258.

No variance between the allegations in a pleading and the proof shall be deemed material unless it had actually so misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it shall be alleged that a party has been misled the facts shall be proved to the satisfaction of the court and in what respect he has been misled and thereupon the court may order the pleading to be amended upon such terms as shall be just.

This section has been before this court for construction upon different occasions. The first Time in North Star Boot and Shoe Co. v. Stebbans, 3 S. D. 540; and on page 545, in construing the statute, the court says: "By further reference to the abstract it will be seen that the respondent made no objection to the variance in the complaint. Not having done so at the proper time, it must be considered as waived." This statute was also recently construed in Cornwall v. McKinney, 12 S. D., page 121. The court says: "It must be alleged at the trial that a defendant is misled to his prejudice by a variance. It cannot be raised for the first time in this court." See also Johnson v. Burnside, 3 S. D. 320; Anderson v. Alseth, 6 S. D. 566; Sherwood v. City of Sioux Falls, 10 S. D. 405.

Thompson on Trials, section 2067, regarding excessive damages, says: "It is therefore the settled rule, enforced by many decisions, though couched in various terms of expression, that in cases of this character a new trial will not be granted unless the damages are such as to strike everyone with the enormity and injustice of them and as such induces the court to believe that the jury must have acted from prejudice, partiality or corruption." In the note he refers to a very large number of cases sustaining his text. Hoaff v. Frank, Ill. 54, N. E. 916; Pratt v. Pioneer Press Co., 20 N. W. 87.

A new trial will not be granted on ground of newly discovered evidence when no reason is shown for a failure to secure the evidence at the trial. Ochsenreiter v. Elevator Co., 11 S. D. 91.

FULLER, J. In this suit for slander, defamatory matter actionable per se is charged in the complaint as having been spoken by appellant of and concerning respondent, while the evidence admitted without objection shows that he spoke the words to her in the presence and hearing of third persons familiar with the lan-

guage employed. In the coarsest terms known to the densely illiterate, he accused her of being a common thief, an adulteress, and a prostitute of the most detestable character. If true, the imputations are such that respondent is guilty of several distinct crimes punishable by imprisonment in the penitentiary. It being well settled that proof of special damage is unnecessary where the complainant is charged with an offense for which he may be indicted and punished, the court very properly overruled appellant's motion to direct a verdict in his favor on the ground that respondent had failed to show injury by reason of the defamatory matter. While it is enough to obviate the necessity of proving special damages if the offense be a crime or misdemeanor involving moral turpitude, it was shown by the undisputed evidence in this case that respondent suffered injury in consequence of the words falsely spoken. Moreover, this evidence of injury to feelings having been admitted without objection, damages therefore are recoverable. Jackson v. Bell, 5 S. D. 257, 58 N. W. 671.

It is also urged, for the first time in this court, that a verdict should have been directed for appellant on account of the variance between the pleading and the proof; but the general rule consistent with such contention and the decisions cited in its support are not controlling in this state, or even influential, unless the adverse party has been actually misled to his prejudice, and the record contains no intimation that such is this case. Our statute abrogating the general rule that plaintiff must fail unless the allegations of his complaint and the proof correspond is as follows: "No variance between the allegation in a pleading and the proof shall be deemed material, unless it have actually so misled the adverse party to his prejudice, in maintaining his action or defense upon the merits. Whenever it shall be alleged that a party has been misled, the fact

shall be proved to the satisfaction of the court, and in what respect he has been misled; and thereupon the court may order the pleading to be amended, upon such terms as shall be just." Comp. Laws, § 4934. In states having a similar statute it is held, in actions for slander, that a variance, in order to be material, must substantially mislead or prejudice the adverse party, which fact must be shown to the satisfaction of the court. Townsh. Sland. & L. § 363.

Appellant is the father-in-law of respondent, and on cross-examination she was asked if there was not at the time of the trial an action for divorce pending between herself and her husband; and the sustaining of an objection to this question on the ground that the same was not proper cross-examination is not reversible error. As the subject was in no manner touched upon in the direct examination, and the question relates to nothing tending in the slightest degree to discredit plaintiff or disprove her cause of action, it was not only subject to the objection urged, but wholly immaterial to the issues presented by the pleadings. Surely it was within the sound discretion of the trial court to hold that the question was not within the authorized latitude of cross-examination. Holdridge v. Lee, 3 S. D. 134, 52 N. W. 265; Wendt v. Railway Co., 4 S. D. 476, 57 N. W. 226; Noyes v. Belding, 5 S. D. 603, 59 N. W. 1069; Bank v. Smith, 8 S. D. 101, 65 N. W. 439.

Counsel for respondent contends that certain affidavits used at the hearing of the motion for a new trial should not be considered in reviewing the order denying such motion, for the reason that these affidavits were neither certified nor attested as a part of the bill of exceptions, but section 5217 of the Compiled Laws renders this wholly unnecessary. In Bailey v. Scott, 1 S. D. 337, 47 N. W. 286, it was held that, "on an appeal from an order made upon affi-

davits or other written evidence, no bill of exceptions is necessary."

.One of the grounds urged in support of a motion for a new trial is that the verdict was excessive, and arrived at by resort to the determination of chance; but the juror whose affidavit was relied upon entirely to support the proposition, by two subsequent affidavits, wholly repudiates his former statements, and the record clearly shows that he was wrong in the first instance. So, in the absence of anything to the contrary, the presumption must prevail that an honest jury, by the exercise of unprejudiced judgment, reached a conclusion based upon evidence, which we find amply sufficient to justify its verdict for $1,000. As a matter of fact, the evidence, in support of the verdict and against the contention of counsel for appellant, is overwhelming.

Another point deemed worthy of brief notice is to the effect that appellant was misled by the failure of the complaint to disclose the exact place where the slanderous words were uttered, but this was never mentioned at the trial, and, upon the record presented, the court below was fully justified in concluding that the claim was without merit. As a general rule, the time of speaking slanderous words, and the place where such words are spoken, is immaterial; and, were we required to go to that extent, abundant authority could be found to sustain the proposition that, when time and place are alleged, proof that the slanderous words were spoken at a different time and place does not constitute a material variance. 13 Enc. Pl. & Prac., p. 60, and numerous cases contained in accompanying notes.

It is clearly shown that the evidence which appellant claims to be newly discovered might, by the exercise of reasonable diligence, have been produced at the trial, and the character of the same is such as to fully justify the court in declining to grant a new trial upon the

ground of newly discovered evidence.   Where a diligent party, when called upon to meet the issues, finds himself unable to do so, he may, upon good cause shown, obtain a continuance, but in this instance none was applied for.   Applications for a new trial on the ground of surprise or newly discovered evidence are addressed to the sound discretion of the trial court, whose rulings should not be disturbed in the absence of an abuse of such discretion.   Gaines v. White, 2 S. D. 410, 50 N. W. 901.

Manifestly there is no reversible error in the record, and the judgment appealed from is affirmed.