## STATE V. SMITH.

1. Any error in sustaining an objection to a question asked the state's witness on the ground that it was not proper cross-examination is rendered harmless by the witness afterwards being called for defendant, and then being asked and answering the same question.

2. On a prosecution for rape on a female under the age of consent, evidence of prior intercourse by her with others is not admissible, either as bearing on her credibility or otherwise, the question of consent being immaterial.

3. On a prosecution for rape, evidence of the female having ever had a venereal disease is not admissible to discredit her.

4. It is proper for the prosecuting attorney in his argument to the jury to discuss the matter of defendant, while under bond for his appearance at the trial, having absented himself from the state and failed to be present at the required time.

5. Where defendant, on a prosecution for rape on a female under the age of consent, offered no evidence as to her age, the inference of want of diligence warranting refusal of a new trial for newly discovered evidence on that point is not overcome by defendant's statement that he offered no evidence to overcome that of the female and her mother as to her age because at the time he had no reason to question or doubt their truthfulness as to her age.

(Opinion filed August 31, 1904.)

Error to circuit court, Lawrence county; Hon. W. G. RICE, Judge.

Bert Smith was convicted of assault with intent to commit rape, and brings error. Affirmed.

*Joseph B. Moore*, for plaintiff in error.
*Philo Hall*, Atty. Gen., for defendant in error.

FULLER, J.   At the trial of the plaintiff in error under an information charging the crime of rape upon Amy Dotson, a female under the age of consent, he was convicted of an assault with the intent to commit rape, and it is claimed that the errors of law relied upon for a reversal are similar to those presented by the record in the case of State v. Mulch, 17 S. D. 321, 96 N. W. 101.   In that case the prosecutrix, Amy Dotson, was corroborated by the testimony of Lillian McCormick, who swore that she was present, and witnessed the criminal act with which Mulch stood charged.   This McCormick woman and one William Quirk were both present at the time and place laid in the information against plaintiff in error, and gave evidence at the trial on behalf of the prosecution which tended to corroborate the testimony of the prosecuting witness.   It may be assumed that for the purpose of showing the improbability of the alleged criminal act, and as a circumstance tending to impeach the testimony of the prosecutrix, the witness Lillian McCormick was asked on cross-examination whether the accused, upon being importuned by the prosecuting witness to have sexual intercourse with her, did not say in substance, then and there, that he had been informed that she was infected with a loathsome, venereal disease, and refuse to have anything to do with her.   If it was error for the court to sustain an objection on the ground that the foregoing was not proper cross-examination, such error was rendered harmless because this same witness was called for the defense shortly afterward, and in response to the identical question answered,

"I don't remember about that." Moreover, the defendant testified fully upon the subject, and all that he desired to say went to the jury without any objection. For the avowed purpose of disgracing the prosecuting witness, and with a view to discrediting her testimony, she was interrogated on cross-examination with reference to being a common prostitute, infected with the disease above mentioned, and was asked, in substance, if she had not complained to the mayor and chief of police, and given them the names of a large number of men with whom she had been sexually criminal. Such inquiry, as well as testimony of similar character, sought to be elicited from other witnesses, being improper, and subject to the objection interposed by counsel for the state, there is no merit in the contention that its exclusion was erroneous. Under our statute it is rape to carnally know a female child under the age of 16 years, either with or without her consent, and no evidence of specific acts of similar unchaste conduct with men other than the accused is admissible to show consent, or for the purpose of further disgracing the child, or as bearing upon the credibility of her testimony. In the case of People v. Johnson, 106 Cal. 289, 39 Pac. 622, the court say: "The prosecuting witness is under the age of consent, and for this reason evidence either of general reputation or specific acts would seem to be immaterial. This class of evidence is admissible for the purpose of tending to show the nonprobability of resistance upon the part of the prosecutrix; for it is certainly more probable that a woman who has done these things voluntarily in the past would be much more likely to consent than one whose past reputation was without blemish, and whose personal conduct could not truthfully be assailed. In other words, this class of evi-

dence goes to the question of consent only, and in a case like the present the question of consent is not involved. * * * Sound reason declares that such of necessity must be the rule. If this class of evidence was admissible as going to the credibility of the testimony of the prosecutrix in its entirety, then it would be equally admissible as against the veracity of any female who might be called upon to give evidence in a case. Yet no such principle is recognized anywhere." The following cases are to the point that evidence showing that a female under the age of consent has had prior sexual intercourse with other men is incompetent—as bearing upon her credibility, as well as for every other purpose: State v. Whitesell, 142 Mo. 467, 44 S. W. 332; State v. Ogden, 39 Or. 196, 65 Pac. 449; People v. Abbott (Mich.), 56 N. W. 862, 37 Am. St. Rep. 360. Though not essential to this decision, because the prosecutrix was under the age of 16 years, there is abundant authority to the effect that such particular instances of criminal connection on the part of a prosecuting witness that is over the age of consent are never admissible, unless shown to be with the accused himself; and the following cases, cited without comment, so hold: State v. Forshner, 80 Am. Dec. 132; Pleasant v. The State, 15 Ark. 624; State v. McDonough, 104 Iowa 6, 72 N. W. 357; State v. Vadnais, 21 Minn. 382; Commonwealth v. Regan, 105 Mass. 593; 3 Greenl. Ev. par. 214. As the doctrine there announced has no application to a prosecution for the crime of rape perpetrated upon a female under the age of consent, it is needless to question the soundness of the view expressed in the homicide case of United States v. Wood, 4 Dak. 455, 33 N. W. 59, where the prosecuting witness was asked disparaging questions concerning her earlier life. The prevail-

ing rule and the practice pertaining to trials like this usually justify the foreclosure of all inquiry as to whether the outraged female was ever afflicted with a venereal disease, and the action of the trial court in excluding testimony of the physician relative thereto and offered for the purpose of disgracing and discrediting the prosecuting witness, is clearly sustainable, and within the spirit of the cases to which we have already referred.

It being shown by competent proof that plaintiff in error, while under bond for his appearance at the trial to be held on the 10th day of February, 1903, absented himself from the state, and failed to be present at the required time, it was entirely proper for the prosecuting attorney to discuss the matter in his argument to the jury, and the following instruction with reference thereto was most favorable to the accused and well guarded in his interest: "Gentlemen of the jury, in this case there has been some evidence introduced before you in reference to the defendant leaving the state of South Dakota and this county at some time subsequent to the filing or giving of a bond by him in justice court. I charge you, gentlemen of the jury, in reference to flight, that if you are satisfied that the defendant left the jurisdiction of this court or this county and went into other states for the purpose of avoiding a trial in this case, or escaping from a trial in this case, it would be a circumstance which you would have a right to consider, with all the other evidence in the case at bar; but in considering that evidence, gentlemen of the jury, I charge you as a matter of law that flight may be induced by the fear of facing a jury of his country; it may be induced by a belief that false testimony will be given; it may be induced by a consciousness of

guilt; and as to the evidence in this case of the defendant leaving the state it is a circumstance for you to consider, with all the other evidence in the case, in determining the guilt or innocence of the defendant now upon trial." Although charged in the information with the crime of rape committed "in and upon one Amy Dotson, a female, being then and there under the age of sixteen years, to wit, of the age of fourteen years," no effort was made on the part of the defense to meet that issue by the procurement of rebutting testimony, and all that is offered in the brief of counsel for the accused to overcome the inference of negligence in that respect is the following: "The defendant offered no evidence to contradict the testimony of the said Mary and Amy Dotson, for the reason that at the time of the said trial the defendant had no reason to question or doubt the truthfulness of the prosecutrix and her mother as to the age of the prosecutrix, and therefore should not be held to the rigid rule in reference to the exercise of reasonable diligence in the procuring of the newly discovered evidence upon which the motion for a new trial in this case was made." Being thus notified long in advance that the age of the prosecutrix was one of the most vital questions to be determined, the failure to exercise reasonable diligence in the discovery of evidence relative thereto is strikingly apparent, and sufficient to justify the denial of a new trial upon the ground of newly discovered evidence. Bedtkey v. Bedtkey, 15 S. D. 310, 89 N. W. 479. Such failure to exercise reasonable diligence, when considered with the further fact that the character of the testimony thus tardily discovered is not such as would be likely to change the result, is abundantly sufficient to sustain the discretionary action of the trial court in overruling the motion for a new trial. Dem-

mon v. Mullen, 6 S. D. 554, 62 N. W. 380; Heyrock v. McKenzie, 8 N. D. 601, 80 N. W. 762.    Unlike the case of State v. Mulch, supra, there was nothing excluded as to what was said or done at the time of the alleged offense which constituted a part of the res gestæ, and the court finally admitted even the self-serving declaration of the accused as to what he had heard about the purported physical ailment of the prosecuting witness.

There is no showing of an abuse of judicial discretion in denying the application for a postponement of the trial, and a careful examination of the entire record discloses no substantial error of law.    Being convinced that the accused has had a fair and impartial trial, the judgment of the court below is affirmed.